UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DEVON DENZEL LETOURNEAU, a.k.a.,
SHABAZZ BE ALLAH
(Plaintiff)

CASE NO.:

v.

RHODE ISLAND DEPARTMENT OF CORRECTIONS,
PATRICIA COYNE-FAGUE, R.I.D.O.C. DIRECTOR,
RICHARD HAHN, R.I.D.O.C. DEPUTY WARDEN,
DAVID LARANGEIRA, R.I.D.O.C. C-O LIEUTENANT,
VANCE TYREE, R.I.D.O.C. C-O,
WALTER DUFFY, RI.D.O.C. C-O CAPTAIN., (Defendants).

JURY TRIAL DEMANDED

CIVIL ACTION COMPLAINT
AUTHORIZED BY 42 U.S.C. §1983

INTRODUCTION

The Defendants in the above title caption are aware of the March 28th, 2017 "term sheet" (settlement agreement) between the above name Plaintiff and the Rhode Island Department Of Corrections, concerning the God-Centered Culture of the Nation Of Gods and Earths, and the acknowledgment by the RIDOC that the NOGE <u>shall</u> be afforded the equal protection as is afforded to all religions the RIDOC accommodates.
Plaintiff, since settlement has been signed by all parties, commenced further proceedings due to the RIDOC's failure in implementing departmental procedure whereby all NOGE sincere adherents are informed of "honor-days" and how to apply to the proper officer or Religious Service Coordinator so that the sincere adherent may observe his or her Honor-Day. U.S. Dist.Crt. Magistrate, Patricia Sullivan, on June 2nd, 2017, ordered

the defendants in (C.A.# 14-421L) to implement the proper procedures to inform NOGE sincere adherents of their ability to observe the approaching honor day. The RIDOC knows that NOGE observance of honor-days consists of group feeding of kosher meals, and some days breakfast before sunrise, fasting through day-light hours, and kosher meals at sundown. Plaintiff has witnessed this accommodation given to jewish, muslim, and pagan inmates alike multiple times each year.

    The RIDOC has blatantly disregarded Magistrate Sullivan's June 2nd, 2017 Text Order, and has continuosly ignored all of Plaintiffs letters and grievances to RIDOC administration from January 1st, 2018 through October 21st, 2019. Shortly after this time frame the covid-19 pandemic has caused prisoners to press the pause button on everything deemed normal in every aspect of prison life pertainning to most liberties, interests therein, and freedoms of expression as it relates to loving and honoring God.

    Living under covid-19 protocol from 2020 to 2022 has been a very stressful time for Plaintiff for many reasons, and specifically due to his inability to expeditiously and intelligently seek to hold th RIDOC accountable for blatantly ignoring the settlement agreement, the June 2nd, 2017 Text Order, and ultimately the full accommodations for his way of life.

Lastly, Plaintiff asserts that since some normalcy has been attained to in the R.I.D.O.C. in recent months, gang-prevention methods have been employed once again to target the N.O.G.E. despite the settlement agreement, and more importantly, zero acts of gang-related, race related, theology related, or other acts of

violence toward any member of the R.I.D.O.C. staff.

It is clear to the Plaintiff, based on the acts of the Defendants, that it is the Defendants who are practicing <u>Theological Discrimination</u>, the mechanism used as a flimsy disguise to hide disrespect for Allah, the Blackman God of the Nation Of Gods and Earths (God-centered culture).

Defendants are in violation of the Free Exercise clause to the 1st Amendment to the U.S. Constitution, Defendants are also in violation of Plaintiffs rights under the U.S. Constitution's 4th Amendment, 8th Amendment, Equal Protection under the 14th Amendment, and the Protections afforded the Plaintiff by the Religious Land Use And Institutionalized Persons Act.

## PLAINTIFF PARTY

Plaintiff, Devon Denzel Letourneau, aka, Shabazz Be Allah is a Prisoner currently housed at the ACI's Maximum security prison in Cranston, under the custody and control of the Director for the Rhode Island Department of Corrections.

## DEFENDANT PARTIES

Defendant, Rhode Island Department Of Corrections (hereinafter known as RIDOC), is a state agency for Adult Correctional Institutions in Rhode Island, and is the entity which, by and through their attorneys, has signed settlement agreement terms in C.A.# 14-421 L, on March 28th, 2017.

Defendant, Patricia Coyne-Fague, is the Director for the RIDOC, whose powers are prescribed at R.I.G.L. § 42-56-10.

Defendant, Richard Hahn, is the Maximum security prisons current Deputy Warden.

Defendant, David Larangeira, is a correctional officer lieutenant at the maximum security prison.

Defendant, Vance Tyree, is a correctional officer at the maximum security prison, who holds the mail-post.

Defendant, Walter Duffy, is a correctional officer captain at maximum security prison, who is the shift commander.

## JURISDICTION

Jurisdiction of this Honorable Court is proper under 28 U.S.C. §§ 1331, 1343, 2201, 2202, and 42 U.S.C. § 1983.

Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b)(2) in that the events giving rise to these claims occurred within the judicial district of Rhode Island.

## FACTS OF TRAVEL

1.   On March 28th, 2017, Plaintiff entered into a settlement agreement with the Rhode Island Department Of Corrections (C.A.#14-421L), wherein the RIDOC acknowledges the Nation Of Gods and Earths as a legitimate path to God, and agrees to accommodations. (see: exhibit (a)).

2.   Between late April and early May of 2017, Plaintiff files a Rule 60 (b) motion for relief from judgment of dismissal stipulated to as terms for settlement resolution.

3.   On June 2nd, 2017, Plaintiff attended a U.S. District Court Rule 16 Telephone conference where he claimed, as asserted in his Rule 60 (b) motion, that the RIDOC was attempting to utilize the settlement agreement in a confidential capacity, for the benefit of the express individuals who signed said agreement (term sheet), and that inter-departmental memo's must be posted on all bulletin boards within all housing areas at the RIDOC's Adult Correctional Institutions with respect to NOGE Honor Days and the protocals related thereto.

4.   On June 2nd, 2017, U.S. District Court Magistrate, Patricia Sullivan, ordered the RIDOC to submit a statement to the court for a plan on implementation of the "term sheet" settlement agreement by June 16th, 2017. (see: exhibit (b)).

5.   Plaintiff asserts, and provides numerous affidavits which show that the RIDOC has not followed through with what they were compelled to do by said court order, as no memo's have been posted on the inmates' housing area bulletin boards, as all other religious memo's are. (see: exhibit (c) - Affidavits and declarations, (c)1, (c)2, and (c)3 ).

6. Shortly after the above mentioned Rule 16 conference and Text Order issued, RIDOC attorney Michael Grant, and religious service coordinator Kenneth Findlay visited Plaintiff at the ACI's maximum security prison.

7. Plaintiff asserts that kenneth findlay brought in-color photographs of kufi-crowns w/tassel to show Plaintiff, and allow Plaintiff to choose the proper style for NOGE adherents.

8. Plaintiff gave attorney Michael Grant and Kenneth Findlay in particular, the contact information of Mr. Born King Allah, the prison administrator on behalf of the NOGE adherents at the National Office of Cultural Affairs (NOCA), so that he may assist NOGE adherents in the ACI prisons with having an "enlightener" come into the prisons to teach "civilization class" consistent with RIDOC scheduling hours.

9. Plaintiff has been informed by Born King Allah that authorities from the RIDOC have never made contact with him after June 2nd, 2017.

10. Plaintiff asserts that NOGE style kufi/crowns were never placed on the inmate commissary list for purchase as promised by attorney Michael Grant and religious service coordinator Kenneth Findlay at the maximum security meeting with Plaintiff after the Courts issuance of the Text order on June 2nd, 2017.

11. On January 1st, 2018, Plaintiff wrote a letter to Michael Grant for the RIDOC, who is one of the individuals who has signed the settlement term sheet on March 28th, 2017. (see: exhibit (d)).

12. In said letter to attorney Michael Grant, Plaintiff sought to inquire into the RIDOC's non-compliance with the U.S. District Court's Text Order issued on June 2nd, 2017, as it pertainned to implementation of the term sheet, it's 1st Amendment accommodations, and the means by which all adherents (prisoners at the RIDOC) may be made aware, as only inter-departmental memo's could provide.

13. Attorney Michael Grant did not respond to Plaintiffs letter of inquiry as described above. The issue was non-grievable per RIDOC Policy 13.10-4 C 1 (a),(b),(c),&(k).

14. On September 18th, 2019, Plaintiff wrote a letter addressed to both, religious service coordinator Kenneth Findlay, and the RIDOC chaplaincy team Ms. Martha Paone. (see: exhibit (e)).

15. In said letter addressed to the religious service coordinator, and the chaplaincy team, Plaintiff sought to inquire into the non-compliance with the U.S. District Court text order issued on June 2nd, 2017, as it pertainned to implementation of the settlement term sheet, it's 1st Amendment accommodations, and means by which all NOGE adherents (prisoners at RIDOC) may be made aware, as only inter-departmental memo's could provide.

16. Religious service coordinator, Kenneth Findlay, and the RIDOC's chaplaincy team's Ms. Martha Paone did not respond to Plaintiffs inquiry described above. The matter was non-grievable per RIDOC Policy 13.10-4 C1 (a),(b),(c),&(k)).

17. On April 15th, 2022, Plaintiff was informed by inmate Xavier Vidot while in the prison law library around 1:15pm that correctional officer James Thifault approached him as he (inmate Vidot) was in his assigned cell#1 in the Prudence 2 housing area around 12:24pm.

18. Inmate Vidot informed Plaintiff that his (inmate Vidot's) Universal Flag of Islam, which was drawn on a commissary purchased handkercief, was confiscated by c-o James Thifault per order of Defendant, David Larangeira (correctional officer lieutenant), and the prisons' Special Investigation Unit (SIU), as his Universal Flag of Islam was said to be gang-related. (see: exhibit (c) Affidavits and Declaration - c4).

19. On April 15th, 2022, the latter part of the evening of the above described events, correctional officer Taylor performed a cell search of Plaintiffs assigned cell on the 3rd tier of the Prudence 1 housing area.

20. Plaintiff, while engaging in in-door facility recreation on the ground level of housing area where he resides, observed c-o Taylor entering Plaintiffs assigned cell#19.

21. Plaintiff, while being consciously aware of the herein described event involving inmate Vidot and the confiscation of his Universal Flag of Islam for gang-related reasons, immediately approaches c-o Glover, who stood post on the ground floor level observing the inmate recreation, and respectfully requested to observe c-o Taylor searching his property within the cell#19, to which he stated "no".

22. Plaintiff further requested that the housing area lieutenant be called and informed of Plaintiffs request, which c-o Glover executes.

23. c-o Glover informed Plaintiff of the lieutenants response, which was no, and to "fill out a request slip", which c-o Glover attempted to provide to Plaintiff unsuccessfully, as Plaintiff refused to accept as he understood the response he received as mockery.

24. C-o Glover told the Plaintiff, "this is why you shouldn't be a Five Percenter.

25. Plaintiff observes c-o Taylor exiting cell#19, Plaintiffs assigned cell, with no confiscated items.

26. Plaintiff files a grievance and fully exhausts all remedies pertainning to the cell search, and more importantly, the sinister comment made by c-o Glover as stated in part 8. (see: exhibit (f)).

27. On April 16th, 2022, Plaintiff approached Defendant, c-o lieutenant David Larangeira in the dinning room area after the inmate breakfast feeding in an effort to gain first-hand knowledge as to how the RIDOC views the NOGE and the "all of a sudden" confiscation of NOGE related objects from other NOGE adherents.

28. Defendant, c-o lieutenant David Larangeira stated that he understood the NOGE as "Five Percenters" who are a gang, and has had a negative history with in the 1990's when he began working as a correctional officer for the RIDOC. Furthermore, c-o lieutenant David Larangeira expressed that he knew about the settlement between Plaintiff and the RIDOC, then proceeded to state that if we wished, he would confiscate the Five Percent Newspaper, but since the NOGE hasn't been a problem

he would allow the newspaper.

29. On April 18th, 2022, Plaintiff filed a grievance regarding the above described event between himself and Defendant, c-o lieutenant David Larangeira, and fully exhausts all remedies related thereto.

30. Through the course of the grievance investigation, c-o lieutenant David Larangeira never denied the conversation between he and the Plaintiff, per RIDOC Policy (13.10-4 IV.Procedures E.5.c.First Note).

31. On April 18th, 2022, after the inmate evening feeding, Plaintiff approached Special Investigation Unit's (SIU) William Begones before exiting the dinning room area to gain first-hand knowledge about how SIU views the NOGE, to inform Mr. Begones with what inmate Xavier Vidot informed Plaintiff about regarding the NOGE being labled a **gang** after a settlement in civil action # 14-421L has been reached wherein Mr. Begones was a named Defendant, and also to inform him of Plaintiffs conversation with Defendant, c-o lieutenant David Larangeira.

32. Investigator, William Begones claimed to have been unaware of the events Plaintiff described regarding the actions of c-o James Thifault and Defendant, c-o lieutenant David Larangeira as described herein. He then stated to the Plaintiff that he would look into the matters and "educate them" about the NOGE "Five Percenters" being officially recognized and afforded 1st Amendment protections.

33. On 4-19-2022, while Plaintiff was in the outdoor recreation yard playing basketball, investigator William Begones approaches Plaintiff while inmate Xavier Vidot stood present.

34. Investigator, William Begones, informed Plaintiff that he spoke with day-shift c-o lieutenant Lanciaux, and informed that the NOGE practices are recognized and afforded the same protections as given all religions the RIDOC accommodates.

35. On June 27th, 2022, Plaintiff receives a letter of response from RIDOC executive legal counsel, Nicole B. DiLibero, regarding Plaintiff's Access to Public Records Request for all religious "memo's" the RIDOC provided to the religions they accommodate, covering a period from 7-1-2017 to 6-13-2022, wherein RIDOC counsel states that RIDOC is not in possession of said documents. (see: exhibit(g)).

36. Upon Plaintiff's request to maximum security warden, Lynne Corry during the muslim month of Ramadan in 2021 and 2022 regarding any and all memo's related to the observance of Ramadan, Plaintiff was sent, via inter-departmental mail, the memo's which were posted on the bulletin board of the inmates' housing areas at maximum security prison. (see: exhibit(h)1&2).

37. On June 28th, 2022, Plaintiff files a level one grievance inquiring into why Plaintiff has not been given his first issue of the five percent newspaper he subscribed to (for himself and NOGE adherents at maximum security prison), which is present at said prison, and furthermore, that Plaintiff requested to be given the full mail article which consists of the envolope and the newspaper contents therein. Otherwise, Plaintiff would not know who sent said mail and when it was postmarked.

38.  Defendant, Richard Hahn responds to the above mentioned grievance, stating that Plaintiff's newspaper was delivered to him, and that RIDOC Policy does not call for providing Plaintiff with the envolope his mail was delivered in. In order to appeal this level one grievance, which Plaintiff has, said level 1 grievance form had to be signed and sent through the chain of command for a level 2 decision. The Defendants response can be found in level 1 grievance #2022-0339.(see:exhibit(i) lev.2 griev).

39.  Plaintiff asserts that the envolope containning his five percenter newspaper addressed to him is his property that he paid for with funds for a 1 year subscription, and furthermore, Plaintiff will not be able to know the return address, or when the newspaper would have been in route and delivered unless he has access to the envolope, as does with all other mail he has.

40.  The only five percenter newspaper that currently comes into the maximum security prison, (and with much delay by staff), have came to an inmate name Xavier Vidot, who intends and has shared the newspaper as donated property to NOGE adherents.

41.  Plaintiff has read each of the five percent newspapers inmate Xavier Vidot has provided for himself and the prison community of NOGE adherents.

42.  Plaintiff has recently read the June 2022 issue of the five percent newspaper, whereon the bottom part of the cover page shows the photographs of the 10 black people who were killed in the Buffalo NY supermarket massacre in may of 2022.

43.  Defendant, Vance Tyree, with the pre-approval of Defendants, Walter Duffy, and Richard Hahn,(whom all are white males), disrespectfully defaced the five percent newspaper by writting in permanent marker, inmate Vidots name and cell

number across some of the faces of the murdered victims, while there appeared much open empty space where a name may be written, (although Five Percent Newspapers should never be written on, as the envolope serves that purpose). (see: exhibit(j)).

44. For many years while Plaintiff has been imprisoned at the RIDOC's High security center, and maximum security prisons, RIDOC staff have not written inmate names on the five percent newspaper, and have always provided the envolope it comes in which bears the sender's return address, the inmate address, and the prisons mail officer's permanent marker bold print of only the inmate's cell assignment. (see: exhibit(j)(1)).

45. On July 5th, 2022, Plaintiff spoke with Defendant, Richard Hahn, in the dinning room area after inmate lunch feeding time around 11:00am.

46. Plaintiff, while speaking with Defendant Richard Hahn, inquired into the whereabouts of the five percent newspaper Plaintiff subscribed to, which he had not received, as well as a Universal Flag Necklace of the NOGE which Defendant Richard Hahn himself saw and approved from the online source at Universal World Jewelry, that had been delivered by the USPS on June 30th, 2022. (see: USPS Tracking#9400111108033805194790, and exhibits(k)&(l)). After unexplained delay, necklace is given.

47. Defendant, Richard Hahn, explained that he was not aware of the whereabouts of Plaintiff's five percent newspaper or Plaintiff's approved Universal Flag Necklace, and that he had no control over mail arriving at the prison.

## LEGAL CONCLUSION

48.  Defendant, RIDOC, Prior to the June 2nd, 2017 U.S. District Court telephone conference before Magistrate Patricia Sullivan, has taken the position that providing memo's on the housing areas bulletin board to inform NOGE adherents of the approaching honor day, and the necessary accommodations associated therewith was not RIDOC's understanding. (see: exhibit(m)).

49.  After order was issued, compelling RIDOC to implement a plan for implementation of the "term sheet", no plan has ever been implemented, especially at the maximum security prison.

50.  Plaintiff, as he has asserted before the court, and within his rule 60(b) motion leading up to the June 2nd, 2017 U.S. District Court telephone conference hearing, that the RIDOC seeks to hold the settlement in C.A.# 14-421L in confidentiality and applicable only to the individuals who signed the settlement "term sheet".

51.  The very fact that, from June 2nd, 2017 to the present, the Defendants, RIDOC and Director, Patricia Coyne-Fague, have not implemented the measures ordered by Magistrate Sullivan, regarding NOGE accommodations, despite Plaintiffs inquiries, reveals an intent of <u>Theological Discrimination</u>, which is **Discrimination** based on Plaintiffs understanding (beliefs) about God (Allah) being the Supreme-Being Blackman.

52.  Defendants, Walter Duffy and Richard Hahn, monitor inmate incoming mail that may possibly present a risk to DOC security after having been provided such mail by Defendant, Vance Tyree, who is designated the mail officer post as primary handler or courier, at maximum security.

53. Plaintiff asserts that Defendants, Walter Duffy, Richard Hahn, and Vance Tyree, have called an ordered book Plaintiff sought to receive into question and submitted the book to the institutions Publication Review Committee.

54. With respect to the above part (53), Plaintiff files an appeal, however, his 2nd and final appeal never made it to the Assistant Director after having been deposited in the USPS mail drop-box for inmates, in violation of RIDOC Policy 3.14-3. II.A., 4.a.1,2, and 3., & 6.a.1, and 24.01-7. C.2. (see: exhibits (n),(o),(p), and (q)).

55. Defendants, Richard Hahn, Walter Duffy, and Vance Tyree, are engaging in Theological Discrimination, and mail fraud activity against the NOGE because they are authorizing the Five Percenter Newspaper to be defaced by writting upon it's cover, while illegally discarding the envolope the FPN comes in, to intentionally mislead Plaintiff as to it's sender, postmark and arrival date, and thus, attempting to cause Plaintiff to take issue with FPN Personnel. No justification would warrant these actions of Theological Discrimination. Though this is not a criminal venue, the actions of the above name Defendants are criminal according to 18 U.S.C.§1341.

56. Defendants, Richard Hahn, Walter Duffy, and more specifically, Vance Tyree's writting the inmate name and cell assignment on the cover of the FPN is a tactic used to discourage sharing the FPN with other inmates who may be interested, due to the fact that an inmate can be booked for infraction code violation for possession of another inmates property.

57.   RIDOC Mail Policy (24.01-7) 9.a. 1-5., is clear, in that it expresses, any item(s) removed from incoming inmate mail will be recorded, and the inmate will be given notice by chain of custody documentation. (see also: 24.01-7., B. incoming non-privileged mail, 3.c.(2),(CC), and (3),(CC). It should be understood that items include the actual envolope as well as the contents therein.

58.   All Defendants' actions of Theological Discrimination, mail policy violations, and fraudulent mail activity, as described herein, can only stem from the minds of   racist RIDOC employees, RI Brother of Correctional Officers, i.e. RIDOC Staff in general, in a systematic effort to discourage inmates (and Black and Brown inmates in particular) from embracing a Black God Concept wherein all men of hue are able to see themselves in God-image.

59.   Defendant, RIDOC has been known to employ institutional and systemic racist practices toward predominately Black and Brown membered faiths. To cite an incident, in Spratt v. Dep't of Corr. LEXIS 8021,**1 Footnote 9, where RIDOC puts blanket ban on inmate preaching, and cites for support: **Frank Cilluffo et al., Geo. Wash. Univ. Homeland Sec. Policy Inst. and Univ. of Critical Incident Analysis Group, Out of the Shadows: Getting ahead of Prisoner Radicalization (2006).** This is a report modeled on U.S. and State Government interest in preventing muslim-terrorist cells in American prisons from radicalizing prisoners. Yet, muslim membership in RIDOC has predominately consisted of Black prisoners

since the mid 1970's to the present, and where Black inmates make up the vast majority in most other American prisons, it would be reasonable to assume the likelihood of the trend of Black muslim prisoners being the majority within their respective religious groups in those other prisons nation wide.

60.  Another incident of racial Discrimination regarding RIDOC can be found in the Providence Journal article of December 8th, 2019, by Katherine Gregg, where the U.S. Department Of Justice sued RIDOC for racial discrimination in the hiring practices agaainst Blacks and Hispanics. RIDOC settled, and payed out 251 payments to those Black and Hispanic applicants who claimed they were discriminated against, in the amount of 380 thousand dollars. (see exhibit(r)).

61.  Plaintiff asserts that racism is alive and well within the RIDOC and it's maximum security prison. (see exhibit(c)1).

62.  Plaintiff asserts, in regards to paragrapghs 11-16 (FACTS OF TRAVEL), notwithstanding the letters of inquiry mentioned therein, many other attempts via institutional "request form" for the same relief as that expressed in those letters of inquiry was sought, and due to the nature of the single sheet of paper in which form the request is (<u>no pink slip carbon copy proof of receipt attachment</u>), the Defendant, c-o Captain Walter Duffy, often avoided response, and in person claimed to "be working on the issue". The request form system is designed to deny the inmate from establishing a personal file of records. (see: exhibit(s)).

63. Due to the fact that RIDOC and it's religious staff have not provided the NOGE adherents memo's for their honor-days (like Pagans, Jews, and Muslim inmates receive), Plaintiff has often made requests to Defendant, c-o Captain Walter Duffy (shift commander) to receive kosher meals on honor-days. Plaintiff has been ignored by this Defendant many times, and in the rare occasion this Defendant would respond, it would be directly to Plaintiff via mail, and not to all adherents. (see: exhibit(t)).

64. Theological Discrimination practiced by each of the Defendants, possesses the cancer of racism. The Defendants are discriminating against the fact NOGE adherents teach that the Blackman is God whose proper name is Allah, and would not commit the violations described herein if the NOGE taught Jesus Christ was a whiteman son of God, as is depicted in many movies.

65. Defendants, RIDOC has demonstrated now for many years it's intentions toward the NOGE. Yet, even in the face of a binding settlement agreement, which RIDOC has demonstrated it never truely respected, RIDOC continues to inflict uncalled-for hardships on NOGE adherents (especially Plaintiff).

66. Plaintiffs rights to free exercise and expression under the U.S. Constitutions' 1st Amendment **stands violated,** Plaintiffs 4th Amendment right to property (i.e. the Five Percenter Newspaper purchase) **stands violated** by Defendants' fraudulent mail activities described herein, and violations of RIDOC Policy on incoming mail and notice to inmate,

Plaintiffs 8th Amendment right to be free from cruel and unusual punishment **stands violated,** Plaintiffs right to equal protection under the 14th Amendment to the U.S. Constitution **stands violated,** and Plaintiffs protection under the Religious Land Use And Institutionalized Persons Act **stands violated.**

## FINAL CONCLUSION

This case highlights the circumstances of a systemic plot to practice Theological Discrimination, by the Defendants, to the extent that such actions serve as a deterent of any inmate who might wish to embrace the NOGE, in fear of being racially profiled, harrassed, and ultimately Theologically Discriminated against. Plaintiff has made a thorough demonstration, along with providing affidavits and declarations which aid the Plaintiffs assertions and overall experience under the RIDOC. Defendants are playing a "game of divide and conquer" to isolate and neutralize NOGE adherents. Fact is, Defendants DO NOT want the Five Percenter Newspaper to be that source of connection to the outside happenings of NOGE culture that NOGE adherents need and are entitled to. RIDOC now has militant reserver correctional officers, who are in physical contact with NOGE adherents, believing the NOGE to be "part-religion/part-gang". This is, and has been the battlefeild Plaintiff has struggled to exist within as his Godly self. Plaintiff asks this honorable court to please see what is truely going on inside of the Rhode Island Department Of Corrections.

## RELIEF SOUGHT

Plaintiff seeks Declaratory Judgment against all Defendants for discriminating against the Plaintiffs sincerely held beliefs of God as understood by adherents in the NOGE, herein described as <u>Theological Discrimination</u>, acts of which are in violation of RIDOC Policies, U.S. Code, and U.S. Constitutional Amendments asserted herein.

All Defendants, RIDOC, Richard Hahn, Walter Duffy, Vance Tyree, David Larangeira, and Patricia Coyne-Fague, are sued in both their individual and official capacities;

for Punitive Damages in the amount of 20,000 dollars per Defendant;

for Nominal Damages in the amount of 100 dollars per Defendant;

reimbursement of filing fees in this action;

Permanent Injunction ordering all Defendants, including all RI Brotherhood of Correctional Officers who are employees of the RIDOC who are in daily physical contact with NOGE adherents, to undergo annual implicit bias and anti-racism/discrimination trainning to develop knowledge and understanding in respect to the religious accommodations provided to all recognized religiously protected faiths or culture(s) within the RIDOC;

and any further relief this court may deem to be just and proper.

## VERIFICATION

I, Devon Denzel Letourneau, aka, Shabazz Be Allah, herein and hereby verify that the within containned content is true, correct, and proper. As to matters of belief I believe them to be true. I state this under the penalty of perjury pursuant to 28U.S.C. §1746.

by,

Dated executed:
_____

_____
Devon D. Letourneau
c/o Rhode Island D.O.C.
max.sec. Prison.
Cranston, RI [02920]
(ID#140071)