# E X H I B I T

# A

SETTLEMENT AGREEMENT "TERM SHEET"
IN CIVIL ACTION# 14-421L

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ROBERT VANGEL a/k/a )<br>WEYES INTELEKT REBEL-I ALLAH, )<br>Plaintiff, )<br> )<br> )<br>vs. )<br> )<br>RHODE ISLAND DEPARTMENT )<br>OF CORRECTIONS, ASHBEL T. )<br>WALL II, AL LEACH, LINDA AUL, )<br>and WILLIAM BEGONES, )<br>Defendants. )<br> ) | C.A. No. 15-43-M-PAS |

| | |
|---|---|
| DEVON LETOURNEAU a/k/a )<br>SHABAZZ BE ALLAH, )<br>Plaintiff, )<br> )<br> )<br>vs. )<br> )<br>RHODE ISLAND DEPARTMENT )<br>OF CORRECTIONS, ASHBEL T. )<br>WALL II, LINDA AUL,  WILLIAM )<br>BEGONES, ROBERT SAYLES, JR., )<br>And BRIAN DUARAY, )<br>Defendants. )<br> ) | C.A. No. 14-421-M -PAS |

## TERM SHEET

After participating in Federal Mediation on March 28, 2017, and in the interest of mutually resolving the pending civil action, all parties in the above-captioned lawsuit have agreed to the following:

1. The Rhode Island Department of Corrections ('RIDOC') acknowledges the Nation of Gods and Earths ("NOGE") is a religion and shall be accorded the same protections as any other religion.
2. On an annual basis, RIDOC will permit Plaintiffs, so long as they remain NOGE adherents, to practice Honor Days on the following dates: February 22, the last Sunday in March, June 13, the last Saturday in August and October 10.

3. Honor Days will be practiced subject to RIDOC rules and regulations. Plaintiffs acknowledge that not all of the practices will be permitted by RIDOC.

4. RIDOC agrees that Plaintiffs, so long as they remain NOGE adherents, will be allowed to select the Halal meal option in accordance with the same terms as currently offered to Muslim inmates. On Honor Days, RIDOC will offer Kosher meals to Plaintiffs if requested. Nothing precludes Plaintiffs from requesting the vegetarian meal option.

5. Plaintiffs shall be permitted to wear a Kufi subject to RIDOC rules and regulations.

6. All publications received via mail shall be subject to the RIDOC's inmate mail policy. NOGE materials shall not be deemed unacceptable simply because it contains NOGE content.

7. Plaintiffs shall be permitted to have an Enlightener lead group sessions on a regular basis subject to staffing and scheduling concerns. The Enlightener shall be approved by RIDOC in accordance with its rules and regulations.

8. RIDOC will pay $100 to each Plaintiff.

9. RIDOC does not acknowledge any liability or wrongdoing.

10. Robert Vangel and Devon Letourneau voluntarily agree to dismiss all claims against all named Defendants with prejudice. With the exception of the $100 payment to each Plaintiff, no additional money damages, attorney's fees or costs shall be paid by the Defendants or the Plaintiff.


Plaintiff, pro se                           Plaintiff, pro se

**ROBERT VANGEL**                            **DEVON LETOURNEAU**


_Bob Vangel_                                 _Devon Letourneau_
Robert Vangel                                Devon Letourneau
Inmate ID 92716                              Inmate ID
ACI – High Security                          ACI - Maximum
P.O. Box 8273                                P.O. Box 8200
Cranston, RI 02920                           Cranston, RI 02920


Rhode Island Department of Corrections,      Defendants,


_Michael B. Grant_                           _Adam J. Sholes_
Michael B. Grant                             Adam J. Sholes
Deputy Chief Legal                           Assistant Attorney General


**DATED: March 28, 2017**

# EXHIBIT

# B

TEXT ORDER ISSUED BY
U.S. DISTRICT COURT MAGISTRATE,
PATRICIA SULLIVAN
ISSUED ON JUNE 2nd, 2017

## Other Orders/Judgments
1:14-cv-00421-M-PAS Letourneau v. Aul et al **CASE CLOSED on 03/29/2017**

### U.S. District Court

### District of Rhode Island

### Notice of Electronic Filing

The following transaction was entered on 6/2/2017 at 3:26 PM EDT and filed on 6/2/2017
**Case Name:**      Letourneau v. Aul et al
**Case Number:**    1:14-cv-00421-M-PAS
**Filer:**
**WARNING: CASE CLOSED on 03/29/2017**
**Document Number:** No document attached

**Docket Text:**
TEXT ORDER: As discussed at the hearing on Plaintiffs' motions for Rule 60(b) relief, it is hereby ordered that the term "religion" as used in the Term Sheet setting forth the parties' settlement agreement (CA 14-421M, ECF No. 80-1 at 7-8; CA 15-43M, ECF No. 69-1 at 7-8) shall mean and be interpreted as meaning that the "Nations of Gods and Earths" ("NOGE") has the indicia of a system of religious belief or practice, but is not a religion. Further, Defendants are directed to file by June 16, 2017, a statement of clarification that generally advises the Court regarding the plan for implementation of the Term Sheet, in light of its clear intent to be applicable to all adherents to the NOGE belief system so that each may be aware of the elements of practice permissible in light of the Term Sheet. This Order is not intended to interfere with the discretion of Defendant Department of Corrections to develop appropriate procedures for implementation of the Term Sheet. Wolff v. McDonnell, 418 U.S. 539, 569 (1974). Finally, by June 9, 2017, the named Plaintiffs shall be provided with a copy of the Court's Alternative Dispute Resolution Plan, ADR Plan Information Summary and Mediation Briefing Guidelines, which are posted on the Court's website. The motions for Rule 60(b) relief shall remain under advisement pending the completion of these actions. So Ordered by Magistrate Judge Patricia A. Sullivan on 6/2/2017. (Noel, Jeannine)

**Case Name:**      Vangel v. Aul et al
**Case Number:**    1:15-cv-00043-M-PAS
**Filer:**
**WARNING: CASE CLOSED on 03/29/2017**
**Document Number:** No document attached

**Docket Text:**
TEXT ORDER: As discussed at the hearing on Plaintiffs' motions for Rule 60(b) relief, it is hereby ordered that the term "religion" as used in the Term Sheet setting forth the parties' settlement agreement (CA 14-421M, ECF No. 80-1 at 7-8; CA 15-43M, ECF No. 69-1 at 7-8) shall mean and be interpreted as meaning that the "Nations of Gods and Earths" ("NOGE") has the indicia of a system of religious belief or practice, but is not a religion. Further, Defendants are directed to file by June 16, 2017, a statement of

# EXHIBIT C

AFFIDAVITS AND DECLARATIONS
c1– by, TIMOTHY DEBRITTO
c2– by, CHRISTOPHER JIMENEZ
c3– by, ERIC NEUFVILLE
c4– by, XAVIER VIDOT
c5 BY, LUEGGINN IRIZARRY
c6– by, CEDRIC DALOMBA
c7– by, STERLING STEVENS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DEVON D. LETOURNEAU (aka)
SHABAZZ BE ALLAH

case no.: _____

v.

_____

RHODE ISLAND DEPARTMENT OF CORRECTIONS,
PATRICIA COYNE-FAGUE, et al.,

AFFIDAVIT AND DECLARATION

First being duly sworn and affirmed, I, Timothy
DeBritto , do assert the following under the penalty
of perjury (28 U.S.C. 1746.):

1. I, Timothy Debritto, state that I have been incarcerated at the
maximum security prison of the Rhode Island Department of
corrections for ten (10) years and every year for muslim inmates
notices and memos are put up to inform of an upcoming holiday
or event such as ramadan, eid al fitr, or eid al adha. Other
memos are also provided by the R.I.D.O.C. to other religions
(jewish, christian, pagan) but not one has been provided to
inmates of the religious group "Nation Of Gods and Earths". I
am a practicing muslim and to get the proper religious
exercise provided by the 1st Amendment to the U.S. Constitution
I had to file a civil action on behalf of my muslim counter-
parts practicing islam. The R.I.D.O.C. is a discriminative and
racially motivated entity that at any chance or opportunity
will denounce an individuals religion and conform it into a street
gang just because more people are interested or beginning to
practice a certain religion that the R.I.D.O.C. disapproves of.

date: 4-24-2022 _____

respectfully submitted,

_____
P.O. BOX 8273
Cranston, RI 02920

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

DEVON D. LETOURNEAU (aka)
SHABAZZ BE ALLAH

case no.:

V.

_____

RHODE ISLAND DEPARTMENT OF CORRECTIONS,
PATRICIA COYNE-FAGUE, et al.,

AFFIDAVIT AND DECLARATION

First being duly sworn and affirmed, I, *Christopher Jimenez*, do assert the following under the penalty of perjury (28 U.S.C. 1746.):

1. I Christopher Jimenez have been incarcerated at Maximum Security since 2017, and since then I have become a member of the Pagan religion, each Pagan feast or other event is printed and posted in each module to inform Pagans. When it comes to the Nation of Gods and Earths A.K.A. 5%ers no memo has ever been posted in any module I have been housed in.

Date: **4-24-2022**

Respectfully submitted

*Christopher Jimenez*
(signature)

P.O. Box 8273

Cranston, RI 02920

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

DEVON D. LETOURNEAU (aka)
SHABAZZ BE ALLAH
                                                          case no.:

            V.                                       _____

RHODE ISLAND DEPARTMENT OF CORRECTIONS,
PATRICIA COYNE-FAGUE, et al.,


AFFIDAVIT AND DECLARATION

First being duly sworn and affirmed, I, _Eric Neufville_

_____, do assert the following under the penalty of perjury

(28 U.S.C. 1746.):


1. I have been incarcerated at the Rhode Island Department of

Corrections for the past eight years and five months, and

housed at Maximum Security Facility for seven years and six

months. While here at this Maximum Sec. during each and every

religious holiday for Jews, Muslims, and Pagans ect. (except)

for Nation of Gods and Earths memos for the holidays have been

posted in each block informing the prison population that they

are allowed if they choose to participate and celebrate the

religious holiday with feast,fast,prayer,services ect.


Date: **4-27-2022**                    Respectfully submitted

                                       (Signature)

                                       P.O. Box _3273_

                                       Cranston,RI 02920

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DEVON DENZEL LETOURNEAU                          case no.:
(aka) SHABAZZ BE ALLAH

     v.                                  _____

RHODE ISLAND DEPARTMENT OF CORRECTIONS,
PATRICIA COYNE-FAGUE, et al.,


AFFIDAVIT AND DECLARATION

First being duly sworn and affirmed, I, *Xavier Vidot*

_____, do assert the following under the penalty

of perjury (28 U.S.C. 1746.):


1. My name is Xavier Trinidad Vidot, also known as Understanding
Wali Allah. I have been in Maximum Security Prison as an inmate
since 2019, where I reside at this present date. I'm 22 years
old.

2. I've met and became an associate, and ultimately a good friend
of an inmate named Devon Letourneau, whom I met as Shabazz Be Allah
in the late part of 2019.

3. I've engaged often in debates on religion, science, and history
with Shabazz, and it was not until 2021 summer that I decided to
become a sincere adherent to the teachings of the Nation of Gods
and Earths, aka the Five Percent.

4. Shabazz became my Enlightener, the title of a qualified member
of the Nation of Gods and Earths, who can teach our 120 lessons,
our Supreme Mathmematics, Alphabets, and our Nations history.

5. I've noticed specific members of the Rhode Island Brotherhood
of correctional officers, and their negative attitude and actions
toward me, the likes of which did not exist prior to my sincere

practice of Islam as taught by the Nation of Gods and Earths, and paticularly by inmate Devon Letourneau, aka Shabazz Be Allah.

6. I have been informed specifically by C/O James Thifault on 4-15-22 at approximately 12:00 pm while relaxing in my assigned cell #1 Prudence 2, that he needed to retrieve my Universal Flag of Islam I had hanging up in the cell as all other inmates do with their religious and or sport team handkercheif art work decoration. He explained that the Nation of Gods and Earths is not a real religion and is a gang.

7. I respectfully disputed his false belief while handing officer James Thifault my religious flag, which he shortly thereafter informed me I will not get back per order of Lieutenant David Larangera.

Date 5-30-22

Respectfully submitted,

*Xavo Vidot*

(signature)

P.O. Box 8273

Cranston, RI 02920

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

DEVON D. LETOURNEAU (aka)
SHABAZZ BE ALLAH                                    case no.:

     V.                                    _____

RHODE ISLAND DEPARTMENT OF CORRECTIONS,
PATRICIA COYNE-FAGUE, et al.,


### AFFIDAVIT AND DECLARATION

First being duly sworn and affirmed, I, _Luegginn Qico Irizarry_, do assert the following under the penalty of perjury (28 U.S.C. 1746.):


1. Around late Febuary of 2022, a raid was initiated in the cell block I was residing in (Hope 1). During the raid my N.O.G.E. (5%) teachings such as my Alphabets, Mathematics, and Muslim lessons were confiscated by officer Thifault He claims that the paperwork seemed gang related and I couldn't have them. He also stated that if the Warden thought otherwise that I would get them back. About a week later officer Thifault approached me in my block and told me along the lines "I want you to know why I took your papers. The 5% isnt a real religion, you guys are a gang who found legal loopholes. You're putting a target on your back by claiming to be a part of this gang." I tried to explain to him that we are in fact NOT a gang, but a culture who teaches a way of life. He said there is nothing I can say to change his opinion. As of this date, I have yet to recieve any of my belongings back. I am legally allowed to have this property being that my religion is documented as an N.O.G.E. (5%). =contin...

Date: **4-25-2022**

Respectfully submitted,

(signature)
P.O. Box 8273
Cranston, RI 02920

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

DEVON D. LETOURNEAU (aka)
SHABAZZ BE ALLAH

                                         case no.:

        V.                                         _____

RHODE ISLAND DEPARTMENT OF CORRECTIONS,
PATRICIA COYNE-FAGUE, et al.,


### AFFIDAVIT AND DECLARATION

First being duly sworn and affirmed, I, _Cedric Dalomba_

_____, do assert the following under the penalty of perjury

(28 U.S.C. 1746.):


1. I Cedric Dalomba am imprisoned at Maximum Security Prison (ACI)
in Cranston R.I. and have been since 2017, I am an adherent of the
Nation of Gods and Earths (5%) and have been since 2021. On the 16th
of April a corrections officer stopped at my cell door and asked me
if i had any drawings of anything involving the Nation of Gods and
Earths (5%) if so i was told to take them down because another
corrections officer Thifault would be going around checking to find
out who is involved in the Nation of Gods and Earths (5%) because
he believes it's a gang.

2. However, I am listed currently under the pagan religion.


        Date:_**4-20-2022**___

                                       Respectfully submitted,

                                       _____

                                       (signature)

                                       P.O. Box _8273_____

                                       Cranston, RI 02920

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

DEVON D. LETOURNEAU (aka)
SHABAZZ BE ALLAH

case no.:

V.

_____

RHODE ISLAND DEPARTMENT OF CORRECTIONS,
PATRICIA COYNE-FAGUE, et al.,

AFFIDAVIT AND DECLARATION

First being duly sworn and affirmed, I, _Sterling Stevens_

_____, do assert the following under the penalty of perjury

(28 U.S.C. 1746.):

1. My name is Sterling Shea Stevens, I have practiced the teachings
of the N.O.G.E. (5%) for a few years, but due to the negative
treatment (5%ers) receive I felt forced to join the Muslim religion
to embrace Islam and Allah. Correctional officers here (specifically,
James Thifault) view 5%ers as a gang, which is untrue.

Date __4-28-22__

Respectfully submitted,

_Sterling Stevens_

(signature)

P.O. Box _8273_

Cranston, RI 02920

# EXHIBIT D

### PLAINTIFFS LETTER TO
### MICHAEL B GRANT

To: Michael B. Grant
Dept. Cheif Legal Counsel
Rhode Island Department of Corrections.

Date: 1-1-2018
original copy
sent.

From: Devon D. Letourneau. I.D. 140071
Max. sec. Prudence 1 cell 44
PO Box # 8273
Cranston, RI 02920

In Re: 6-2-2017 Court hearing.

Dear Mr. Grant,

I'm writting you to inquire about Memo's with respect to properly informing Members/adherents of N.O.G.E. (myself included) of our "honor days" where we observe and partake in Kosher meals. Mr. Grant, I have been patient for the last 6 months in hopes that the Administrative authorities in charge of "Religious" Matters would comply with the TEXT ORDER from the 6-2-2017 Court hearing on my Rule (a) Motion.

I understand that certain things take some time and I am being patient. Please look into this matter as soon as you can.

Respectfully,
Devon D. Letourneau
I.D. 140071 - P1 cell 44
PO BOX # 8273
Cranston, RI 02920

Handwritten Copy Retained

# E X H I B I T
# E

PLAINTIFFS LETTER TO
RELIGIOUS SERVICE COORDINATOR, KENNETH FINDLAY
AND RIDOC CHAPLANCY TEAM, MARTHA PAONE

To: Ken Findlay
Religious Service Coordinator
R.I.D.O.C.,
- & -
Chaplain Martha
R.I.D.O.C.

Date:
Sept. 18th, 2019
original copy
sent.

From: Devon Denzel Letourneau.
ID #140071
Maximum sec. Hope I cell 20

In re: Interdepartmental Memo's regarding N.O.G.E. Honor days
for observance.

To the above Religious authorities,

        I have settled a civil action (Case #14-421 L) with this
R.I.D.O.C. on 3-28-2017, and on 6-2-2017 the U.S. District
Court ordered D.O.C. to implement policy which informs all
N.O.G.E. adherents (in all facilities) of the observation of our
Honor days 5 times each year. I've written Michael Grant
a year ago, and to no avail. I'm hoping we can resolve
this issue without further court proceedings. N.O.G.E. needs
Memo's posted like all other religious groups have here in
the R.I.S.O.C. Thank you kindly.
                        Sincerely, Devon Denzel Letourneau

Hand-written copy retained

# EXHIBIT F

2022-0224 LEVEL 1 and 2 GRIEVANCE RESPONSES
AND
2022-0225 LEVEL 1 and 2 GRIEVANCE RESPONSES

13.10 DOC; Inmate Grievance Procedure                                          Page 1 of 1

## RHODE ISLAND DEPARTMENT OF CORRECTIONS
## INMATE GRIEVANCE FORM

| Grievance #: | Date Recieved (Level 1): | Date Recieved (Level 2): |
|---|---|---|
| 2022-0204 | | |

**DO NOT WRITE ABOVE THIS LINE**

### Part A. – Complaint

**Instructions:** Provide complete, accurate and legible information. Attach copies of required documentation. If additional space is needed, please attach a separate sheet to this form and include your name and inmate ID number on each sheet of paper. Failure to adhere to the filing procedures outlined in the most recent version of RIDOC policy 13.10; Inmate Grievance Procedure, may result in your grievance being returned as denied or unprocessed.

Inmate Name: Devon D Letourneau    Inmate ID#: 140071    Grievance File Date: 4-18-22.

Facility:  ☒ ISC    ☐ HSC    ☒ MAX    ☐ MED    ☐ MIN    ☐ WOM

Description (Must include the date the incident occurred, the facility where it occurred and the reasonable relief requested):
On 4-15-22 between 6:45 pm and 7:20 pm c/o Taylor performed a cell search of my cell #19 prudence I. I approached officer Glover and informed him that I wish to observe c/o Taylor searching my cell and property, to which he stated no. I requested he call the area lieutenant about my request which he did c/o Glover calls me to his desk and hands me a

Inmate's Signature: Devon D. Letourneau    Date: 4-18-22

Receiving Staff Signature: _____    Date: _____

*[margin, left side, vertical:]* See Attachment 7  [Pg. 1 of 2]

**DO NOT WRITE BELOW THIS LINE**

### Part B. – Response    ☐ Level 1 - Date Received by Warden/designee: _____    ☐ Level 2

Dear inmate Letourneau,

I received your grievance concerning cell/room searches. I have read Lt. Lanciaux findings and RIDOC Policy 9.14-8 Detecting and Confiscating Contraband. Cell/Room searches- "The inmate whose cell/room is being searched is not required to be present during the search."
Based on DOC Policy 9.14-8 I am denying the grievance.

Deputy Warden Hahn

☐ Approved    ☒ Denied    ☐ Unprocessed    ☐ Withdrawn    ☐ Referred to: _____

Signature: _____    Title: Deputy Warden    Response Date: 4/25/2022

### Part C. – Appeal    ☐ Level 1 Grievance Response Not Received Within Fifteen (15) Days

**Instructions:** If you wish to appeal your Level 1 grievance decision please sign and date below. **DO NOT** include a statement or summary of your grievance, as it is on file with the Department. This appeal will take into consideration **only** the grievance statement submitted at Level 1.

Inmate Signature: By: Devon D. Letourneau    Date: 4-26-2022

**Level 1 Distribution:** Facility Grievance Officer, Inmate    **Level 2 Distribution:** Department Grievance Coordinator

#1
Attachment to Grievance: Filed: 4-18-22

request form and state's "the lieutenant said write a
request slip." This was done as a mockery. C/o Glover then
stated I shouldn't be a Five Percenter. This discrimination
needs to stop.

By: Devon D. Letourneau
P1-19
ID # 140071



# Rhode Island Department of Corrections
5/12/2022 11:59:33 AM

## Inmate Grievance Log

| | | | |
|---|---|---|---|
| Grievance Log No.: | 2022-0224 | Inmate ID: | 140071 |
| Facility Unit: | MAX | Inmate Name: | Letourneau, Devon |
| Grievance Level: | Level 2 | Grievance Subject: | Cell Search |

Grievance Summary: Inmate Devon Letourneau #140071 is grieving that he should be present at his cell during a cell search.

| | | | |
|---|---|---|---|
| Grievance Received Date: | 4/29/2022 | File Date: | 4/26/2022 |

☐ Inmate Attached Supporting Documentation

Support Docs Description:

Grievance Response:

Mr. Letourneau

I have conducted a review of the information related to your grievance where you state that during a search of your cell on 4/15/22, you approached Officer Glover and informed him that you wished to observe Officer Taylor while he was searching your cell and property; to which you were told "no." You further state that following your request, Officer Glover called you to his desk, handed you a request form and stated "The Lieutenant said write a request slip, and you shouldn't be a five percenter." You feel that Officer Glover was mocking you and discriminating against you.

In order to effectively control contraband, unannounced cell/room searches are conducted a minimum of once per month for each cell/room, and the inmate whose cell/room is being searched is not required to be present during the search.

Your allegations related to discrimination are unsubstantiated. You are unable to provide clear evidence of misconduct or negligence on part of the RIDOC or its employees, and you failed to demonstrate with a factual basis that you have been unfairly or personally adversely affected by the interpretation or application of facility and/or Departmental policy, procedure or rules. Based upon the results of my investigation, I concur with the findings of the level 1 grievance, your appeal is denied.

| | | | |
|---|---|---|---|
| Decision: | Denied | Response Date: | 5/12/2022 |

☐ Level 1 Response Not Received Within 15 Days

*B. Hallaghe*

Departmental Grievance Coordinator

13.10 DOC; Inmate Grievance Procedure                                                     Page 1 of 1

# RHODE ISLAND DEPARTMENT OF CORRECTIONS
## INMATE GRIEVANCE FORM

| Grievance #: | Date Received (Level 1): | Date Received (Level 2): |
|---|---|---|
| 2022-0325 | | |

**DO NOT WRITE ABOVE THIS LINE**

## Part A. – Complaint

**Instructions:** Provide complete, accurate and legible information. Attach copies of required documentation. If additional space is needed, please attach a separate sheet to this form and include your name and inmate ID number on each sheet of paper. Failure to adhere to the filing procedures outlined in the most recent version of RIDOC policy 13.10; Inmate Grievance Procedure, may result in your grievance being returned as denied or unprocessed.

Inmate Name: _Devon D. Letourneau_   Inmate ID#: _140011_   Grievance File Date: _4-18-22_

Facility: ☐ ISC   ☐ HSC   ☑ MAX   ☐ MED   ☐ MIN   ☐ WOM

**Description (Must include the date the incident occurred, the facility where it occurred and the reasonable relief requested):**

_On 4-1-22 other Inmates and I were in the Chow hall. I explained Lieutenant St. David Laraneche regarding my C/O Nation of Gods and being discriminated against by SID Dev Todd Thibault and other C/O members of RI Department of Corrections. These C/O's are taking our flags and calling us a Gang, while not acknowledging our right (religious)..._

Inmate's Signature: _Devon D. Letourneau_   Date: _4-18-22_

Receiving Staff Signature: _____   Date: _____

**DO NOT WRITE BELOW THIS LINE**

| Part B. – Response | ☐ Level 1 - Date Received by Warden/designee: _____ | ☐ Level 2 |
|---|---|---|

Dear inmate Letourneau,

I have received your grievance claiming discrimination from staff. The RIDOC does recognize NOGE and is also listed as your religion on INFACTS. The statement in your grievance appears to be a conversation and flags as you list, are not allowed at Maximum Security. Should you choose to purchase religious materials it should be through Keefe, or an approved vendor and I have never received a request from you.

The Grievance is denied.

Deputy Warden Hahn

☐ Approved   ☑ Denied   ☐ Unprocessed   ☐ Withdrawn   ☐ Referred to: _____

Signature: _Timothy Hahn_   Title: _Deputy Warden_   Response Date: _4/25/2022_

## Part C. – Appeal                    ☐ Level 1 Grievance Response Not Received Within Fifteen (15) Days

**Instructions:** If you wish to appeal your Level 1 grievance decision please sign and date below. **DO NOT** include a statement or summary of your grievance, as it is on file with the Department. **This appeal will take into consideration only the grievance statement submitted at Level 1.**

Inmate Signature: _By Devon D. Letourneau_   Date: _4-26-2022_

**Level 1 Distribution:** Facility Grievance Officer, Inmate        **Level 2 Distribution:** Department Grievance Coordinator

Attachment to Grievance: filed 4-18-22

I informed Lt. Larangeira of the N.O.G.E.'s legitimacy, while he stated "If the KKK (Klu Klux Klan) was ruled a religion nobody would accept that." He stated this in comparison to my Righteous Nation of Gods and Earths. He further stated that when he began working as a c/o he experienced the 5% N.O.G.E. as a violent gang. This has to stop, immediately.

By Dion D. Letourneau
P1-19 -Max. sec.
ID. 140071



# Rhode Island Department of Corrections

5/10/2022 11:52:59 AM

## Inmate Grievance Log

| | | | |
|---|---|---|---|
| Grievance Log No.: | 2022-0225 | Inmate ID: | 140071 |
| Facility Unit: | MAX | Inmate Name: | Letourneau, Devon |
| Grievance Level: | Level 2 | Grievance Subject: | Discrimination Claim |

Grievance Summary:    Inmate Devon Letouneau #140071 is grieving that he is being discriminated against by a Superior Offficer.

| | | | |
|---|---|---|---|
| Grievance Received Date: | 4/29/2022 | File Date: | 4/26/2022 |

☐ Inmate Attached Supporting Documentation

Support Docs Description:

Grievance Response:

Mr. Letourneau

I have conducted a review of the information related to your grievance where you state that you approached Lt. Larangeira regarding your religion and discrimination from SIU, C.O Thibault and other members of the R.I. Brotherhood of Corrections. You further allege that the Officers are taking "our" flags and calling "us" a gang while not acknowledging "our" rights.

All inmates have the right to the free exercise of their religious beliefs. However, the exercise of this right may be restricted for legitimate security reasons. The Warden or designee may limit religious practices, such as flags, if such would threaten the security, safety, or well-being of the institution. Maximum Security makes reasonable efforts to establish and maintain religious activities and services for all inmates who are affiliated or wish to become affiliated with religious organizations.

Your allegations related to discrimination are unsubstantiated. You are unable to provide clear evidence of misconduct or negligence on part of the RIDOC or its employees, and you failed to demonstrate with a factual basis that you have been unfairly or personally adversely affected by the interpretation or application of facility and/or Departmental policy, procedure or rules. Based upon the results of my investigation, I concur with the findings of the level 1 grievance, your appeal is denied.

| | | | |
|---|---|---|---|
| Decision: | Denied | Response Date: | 5/10/2022 |

☐ Level 1 Response Not Received Within 15 Days

*B. Hallagher*

Departmental Grievance Coordinator

# EXHIBIT G

RIDOC EXECUTIVE LEGAL COUNSEL, NICOLE B. DILIBERO,esq.
RESPONSE TO PLAINTIFFS APRA REQUEST



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Corrections
OFFICE OF LEGAL COUNSEL
40 Howard Avenue
Cranston, R.I. 02920
Tel:  (401) 462-2622
Fax:  (401) 462-2583
TDD: (401) 462-5180

June 27, 2022

Devon D. Letourneau, I.D. #140071
MAXIMUM SECURITY CENTER – P1-19
P.O. Box 8273
Cranston, RI 02920

　　　　RE:　　APRA Request

Dear Mr. Letourneau:

　　We are writing in response to your letter dated June 13, 2022, and received in our office on June 17, 2022, wherein you request "all religious memos distributed throughout each housing unit/area within Maximum Security from July 1st 2017 to June 13th 2022."

　　Please be advised that we have had an opportunity to review your requests.  The RIDOC is not in possession of any documents responsive to same.

　　In accordance with Rhode Island General Laws §38-2-8, if you are dissatisfied with this response you may wish to file a complaint with the Department of the Attorney General, 150 South Main Street, Providence, Rhode Island 02903 or the Rhode Island Superior Court of Providence County.  Additional information concerning the Access to Public Records Act is available through the Attorney General's website at www.riag.ri.gov.

　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　Nicole B. DiLibero, Esq.
　　　　　　　　　　　　　　　　Executive Legal Counsel

NBD:dmg

# EXHIBIT H

RELIGIOUS MEMO'S PROVIDED TO MUSLIM INMATES
DURING THE MUSLIM MONTH OF RAMADAN, IN 2021 and 2022

# NOTICE TO PARTICIPATE IN THE MUSLIM RAMADAN 2021

❖ Ramadan 2021 will start at sundown April 12 and will conclude after the evening meal on May 12.

❖ A written request slip must be submitted by March 17th to the facility Warden or their designee for approval in order to be eligible.

❖ Request slips will not be accepted after Wednesday, March 17th this deadline allows the proper amount of time to order the supplies that will be needed to ensure proper Ramadan observance.

❖ All facilities will inform the Associate Director of Food Services with the total number of participants on the morning after the deadline.



**RHODE ISLAND DEPARTMENT OF CORRECTIONS**
*Food Service*
25 Power Road
Cranston, RI 02920

# Memorandum

**To:**   Muslim Inmates
Department-Wide

**From:** Robert Lantagne
Associate Director of Food Service

**Date:** March 28, 2022

**Subject:** Ramadan Notice

---

Muslim Inmates will observe the fasting period of Ramadan starting with a bagged breakfast meal on Saturday April 2, 2022.The last day of fasting will be approximately May 1, 2022. The thirty-day fasting period will conclude with a feast to be served at dinner on May 2, 2022.

Foodservice for participating Muslim Inmates will be as outlined below:

- Muslim Inmates do not eat lunch or any food between sunrise and sunset.

- Meals will be prepared at each facility with necessary supplies provided by ACI Foodservice.

- The on-duty shift commanders and the C.O. Stewards will coordinate the feeding to ensure that it is done in a timely manner.

- Breakfast will generally consist of cereal, pastry, milk, fruit, and occasionally hard cooked eggs. The breakfast meal will be packed in a bag for each participant and will be secured in the facility walk-in refrigerator. As has been done in the past, the 11:00 P.M. – 7:00 A.M. shift will distribute the meals by 2:45 A.M. Please make sure that everyone involved is aware of this time requirement.

- The evening meal will consist of select food items from the lunch menu, and the dinner menu. The meal is provided **ONLY** to participating Muslim Inmates. Correctional Officer Stewards in each facility will prepare the meal for service after sunset each day. Consistency in portion size is important.
  **NOTE: THE PORTION SIZE OF HALAL MEAT REMAINS THE SAME**

- Because of the range in time of sunset during Ramadan ranges from 7:15 P.M. to 7:45 P.M. The evening meal will take place after the sunset time.

- The participants are those inmates who are receiving / approved religious diet and others who may be added to the roster by submitting their request by the deadline set by Foodservice.

- Inmates who wish to participate in the Ramadan observance should submit a request in writing to the Warden of their facility.

- Any participating Inmate who violates this fasting period (e.g., eats lunch in the dining room) will be subject to removal from the Ramadan list and will not be allowed to participate in the feast commemorating the end of Ramadan.

- Muslim Inmates who are sick do not have to fast. In cases of illness notify the Imam and the Area Lieutenant.

- Foodservice Supervisors can be contacted @ 462-2011 Dennis Petrocelli and 462-1107 Joseph DiBiase during Ramadan.

DISTRUBUTION:

P.Coyne-Fague, Rui Diniz, B. Weiner, Wardens, B. Catlow, K. Findlay , D. Petrocelli
J. DiBiase

# EXHIBIT I

2022-0339 LEVEL 2 GRIEVANCE RESPONSE



# Rhode Island Department of Corrections

7/14/2022 1:29:53 PM

# Inmate Grievance Log

| | | | |
|---|---|---|---|
| Grievance Log No.: | 2022-0339 | Inmate ID: | 140071 |
| Facility Unit: | MAX | Inmate Name: | Letourneau, Devon |
| Grievance Level: | Level 2 | Grievance Subject: | Inmate Mail |

**Grievance Summary:** Inmate would like the his five percenter newpaper envolope returned to him and states that the DOC discriminates against N.O.G.E., Nations of God and Earth.

| | | | |
|---|---|---|---|
| Grievance Received Date: | 7/7/2022 | File Date: | 6/30/2022 |

☐ Inmate Attached Supporting Documentation

**Support Docs Description:**

**Grievance Response:**

Mr. Letourneau,

I have conducted a review of the information related to your grievance where you state that on 6/27/22, you were informed by the publisher of the Five Percenters newspaper that your first issue had been sent to you over two weeks ago and was delivered to Maximum Security. You further assert that the mail policy dictates that you will receive (the envelope) and (it's contents) unless prohibited otherwise, and continue to state that you are aware of the DOC's discrimination for N.O.G.E.

A grievance may only be filed concerning one subject matter, and issues involving the loss or delay of mail by the USPS or other carriers is beyond the RIDOC's control. In addition, mail procedures are established and maintained to assist inmates in social, legal, business, and other correspondence deemed appropriate. Incoming mail may be opened, inspected for contraband and read by authorized institutional staff. In each case where it is deemed necessary to remove any item(s) from incoming mail, a written record is made of such action. However, in this case envelopes are discarded to effectively control contraband, as it may present a security issue. Envelopes, although a permissible item, can be manipulated to use in a way other than intended.

Federal law provides special protections for prisoners' religious exercise, and the practice of removing mail packaging does not in any way impede your ability to practice.

Your allegations related to discrimination are unsubstantiated. You are unable to provide clear evidence of misconduct or negligence on part of the RIDOC or its employees, and you failed to demonstrate with a factual basis that you have been unfairly or personally adversely affected by the interpretation or application of facility and/or Departmental policy, procedure or rules. Based upon the results of my investigation, I concur with the findings of the level 1 grievance, your appeal is denied.

| | | | |
|---|---|---|---|
| Decision: | Denied | Response Date: | 7/14/2022 |

☐ Level 1 Response Not Received Within 15 Days

*B. Gallagher*

Departmental Grievance Coordinator

# EXHIBIT J

JUNE 2022 ISSUE OF THE FIVE PERCENTER NEWSPAPER
2 PART COVER PAGE
(and)
(j)1- PHOTOCOPY OF REGULAR ARTICLE OF INCOMING MAIL

JUSTICE YOU NOW EQUAL

WISDOM CIPHER WISDOM WISDOM

SAVE OUR SCHOOL(S)
PARLIAMENT IN MEDINA

VOLUME 27.6
COST $2.00

# THE

# FIVE

# PERCENTER

ALLAH YOUTH CENTER
IN MECCA, INC
2122 FIVE PERCENTER
ALLAH & JUSTICE SQUARE
NEW YORK, NY 10027







# WE PRAY WHILE THEY PRAY ON US

10 people killed in shooting at a Buffalo supermarket. TOP, from left: Katherine Massey (72), Aaron Salter (55), Pearly Young (77), Ruth Whitfield (86) and Celestine Chaney (65). BOTTOM: Heyward Patterson (67), Roberta Drury (32), Andre (Elliott) Mackniel (53), Margus Morrison (52) and Geraldine Talley (62).

63 rue de Picardie
La Queue-en-Brie, 94510
FRANCE

26479A-01  FR

21-08-20 LA POSTE ()()()()

To: Devon Letourneau  #140071
R.I.D.O.C
P.O Box #8273
Cranston, RI [02920]
UNITED STATES

1-2-18



REPUBLIQUE FRANÇAISE

LA 030 316 043F R

INTERNATIONAL

02920020273 B093

T. Reddie
P.O Box 278794
Sacramento CA 95827

SACRAMENTO CA 957
23 DEC 2017 PM 4 L

Devon Letourneau #140071
P.O BOX 8273
Cranston, RI 02910

# EXHIBIT K

ADULT CORRECTIONAL INMATE ACCOUNT TRANSFER
BEARING SIGNATURE OF DEFENDANT, WALTER DUFFY
WHO VERIFIED PLAINTIFFS CHECK BE DRAWN AND SENT
TO THE FIVE PERCENTER NEWSPAPER

REV. 3/09

## Adult Correctional Institutions
## Inmate Account Transfer

ID # _____   DATE _____

NAME: _____
            LAST                    FIRST               MIDDLE

LOCATION: _____
            FACILITY                AREA                CELL

CHARGE MY ACCOUNT FOR THE FOLLOWING EXPENSE

I.  [ ]  POSTAGE                AMOUNT          IV. [ ] WORK RELEASE

        1. LETTER/LETTERS _____   RENT FOR WEEK   AMOUNT

        2. CARD/CARDS _____   OF____ TO____ $ _____

        3. CERTIFIED MAIL _____   EXPENSE PAYMENT FOR WEEK

        4. OTHER _____   OF____ TO____ $ _____

                    TOTAL $ _____          TOTAL $ _____

II. [ ]  DRAW CHECK/CASH FOR $ _____   V. [ ] PAYMENT OF FINE

        _____
        NAME                            TO_____ COURT

        _____
        ADDRESS                         FOR AMOUNT $ _____

        _____
        CITY OR TOWN

        _____
        RELATIONSHIP

        PERSON ON VISITING LIST [ ] YES [ ] NO   VERIFIED_____
                                                 ASSOCIATE DIRECTOR

        REASONS FOR TRANSFERRING MONIES _____

        _____

    [ ] APPROVED        [ ] DENIED    ASSOCIATE DIRECTOR    DATE

III.    CLOSING OF INMATE ACCOUNT    [ ] OTHER   $ _____

        I HAVE RECEIVED THE FOLLOWING AMOUNT    _____

        $ _____ FROM THE ADULT COR-      _____

        RECTIONAL INSTITUTIONS BUSINESS OFFICE  _____

        _____                _____
        INMATE SIGNATURE                        RECEIVED ABOVE PAYMENT

S-14    OFFICE COPY - WHITE              INMATE COPY - CANARY

# EXHIBIT L

ADULT CORRECTIONAL INMATE ACCOUNT TRANSFER
BEARING SIGNATURE OF DEFENDANT, WALTER DUFFY
WHO VERIFIED PLAINTIFFS CHECK BE DRAWN AND SENT
TO THE FIVE PERCENTER NEWSPAPER

REV. 3/09

## Adult Correctional Institutions
## Inmate Account Transfer

ID # _____          DATE _____

NAME: _____
         LAST                          FIRST                    MIDDLE

LOCATION: _____
            FACILITY                    AREA                     CELL

CHARGE MY ACCOUNT FOR THE FOLLOWING EXPENSE

I. ☐ POSTAGE                    AMOUNT            IV. ☐ WORK RELEASE

     1. LETTER/LETTERS  _____    RENT FOR WEEK    AMOUNT

     2. CARD/CARDS      _____    OF ____ TO ____ $ _____

     3. CERTIFIED MAIL  _____    EXPENSE PAYMENT FOR WEEK

     4. OTHER           _____    OF ____ TO ____ $ _____

                  TOTAL $ _____              TOTAL $ _____

II. ☐ DRAW CHECK/CASH FOR $ _____    V. ☐ PAYMENT OF FINE

     _____    TO _____ COURT
          NAME

     _____    FOR AMOUNT $ _____
          ADDRESS

     _____
          CITY OR TOWN

     _____
          RELATIONSHIP

     PERSON ON VISITING LIST ☐ YES ☐ NO    VERIFIED _____
                                                    ASSOCIATE DIRECTOR

     REASONS FOR TRANSFERRING MONIES _____

     ☐ APPROVED        ☐ DENIED        ASSOCIATE DIRECTOR    DATE

III. CLOSING OF INMATE ACCOUNT        ☐ OTHER   $ _____

     I HAVE RECEIVED THE FOLLOWING AMOUNT    _____

     $ _____ FROM THE ADULT COR-      _____

     RECTIONAL INSTITUTIONS BUSINESS OFFICE  _____

     _____    _____
          INMATE SIGNATURE                    RECEIVED ABOVE PAYMENT

     S-14    OFFICE COPY - WHITE              INMATE COPY - CANARY

# EXHIBIT M

LETTER TO PLAINTIFF FROM,
MICHAEL B. GRANT, esq.
(and)
RIDOC'S MEMORANDUM AND OBJECTION IN CASE NO.: 14-421L
PAGE 4 FOOTNOTE 2

# RHODE ISLAND DEPARTMENT OF CORRECTIONS
# OFFICE OF LEGAL COUNSEL



**TO:** Devon Letourneau & Robert Vangel

**FROM:**   Michael B. Grant
Dep. Chief Legal Counsel

**DATE:**   4-11-17

**RE:  Settlement**

Dear Mr. Letourneau & Vangel, I am in receipt of your letter dated 4-5-17; The
$100 will be deposited in your respective accounts in approximately 14 days from
the date of this letter; it does take up to 30 days to process settlement payments.
Also the term sheet did not provide that a memo would be distributed or would be
posted in any of the facilities.  Please be advised that Asst. Director Weeden is
meeting with all facility Wardens to apprise them of this settlement and your
culture will be acknowledged as a religion.

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ROBERT VANGEL a/k/a<br>WEYES INTELEKT REBEL-I ALLAH, )<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>RHODE ISLAND DEPARTMENT )<br>OF CORRECTIONS, ASHBEL T. )<br>WALL II, AL LEACH, LINDA AUL, )<br>and WILLIAM BEGONES, )<br>      Defendants. ) | C.A. No. 15-43-M-PAS |

| | |
|---|---|
| DEVON LETOURNEAU a/k/a )<br>SHABAZZ BE ALLAH, )<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>RHODE ISLAND DEPARTMENT )<br>OF CORRECTIONS, ASHBEL T. )<br>WALL II, LINDA AUL,  WILLIAM )<br>BEGONES, ROBERT SAYLES, JR., )<br>And BRIAN DUARAY, )<br>      Defendants. ) | C.A. No. 14-421-M -PAS |

## MEMORANDUM IN SUPPORT OF OBJECTION
## TO PLAINTIFF'S RULE 60(b) RELIEF

### I.    INTRODUCTION

Defendants, the Rhode Island Department of Corrections, et al. (the "Defendants" or the "DOC"), hereby file this memorandum in support of its objection.  In sum, Plaintiff Devon Letourneau ("Letourneau" or collectively "Plaintiffs") seek relief from the dismissal of this case under Rule 60(b) of the Federal Rules of Civil Procedure.  For the reasons discussed herein,

Defendants object to this Motion and request the settlement agreement reached between the parties be kept in place.

## II.     BRIEF STATEMENT OF FACTS

The Complaint in these civil actions alleges that the Plaintiffs are members of the "Nation of Gods and Earths," also known as "The Five Percenters" and "NOGE." They claim that the DOC has violated their rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act:  by refusing the Plaintiffs access to the "NOGE central text," by denying access to "the Universal Flag medallion," by not respecting "Honor Days or Holy Days," by not providing access to meals with dietary restrictions, by not providing access to an "Enlightener and by not allowing "group meetings." See Complaint.

On March 28, 2017, the parties participated in Federal Mediation with Berry Mitchell serving as the Mediator.  After much discussions and negotiations, and in an effort to avoid further litigation, the parties agreed to a mutually agreeable settlement.  The terms of the settlement were reduced to writing to labeled a "Term Sheet." This Term Sheet was reviewed and modified at the request of the Plaintiffs.  After the language was agreed upon, the Term Sheet was signed by all parties.  See ECF No. 80-1 at 7-8.  Contemporaneous with signing the Term Sheet, a Dismissal Stipulation and Release of Claims was signed by the parties.  The Dismissal Stipulation was then submitted to this Court for entry.  By Text Order dated March 29, 2017, this Court entered the Dismissal Stipulation.

## III.    LEGAL STANDARD

Fed. R. Civ. P. 60(b) states:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

2

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Because upsetting a settled judgment clashes with the objective of finality, the relief is considered "extraordinary" and generally reserved for only exceptional circumstances. See Wehrs v. Wells, 688 F.3d 886, 890 (7th Cir. 2012); Dronsejko v. Thornton, 632 F.3d 658, 670 (10th Cir. 2011). Broadly stated, relief under Rule 60(b) is not available for deliberate choices later shown to be unwise ones. See Park West Galleries, Inc. v. Hochman, 692 F.3d 539, 545 (6th Cir. 2012).

## IV.   ARGUMENT

### 1.   This Court should not disturb the settlement between the parties.

Letourneau makes two arguments as to why judgment should be vacated. First, Letourneau argues that he did not agree that the terms of the settlement would remain confidential. Letourneau contends the undersigned and Legal Counsel for the Department of Corrections did not participate in mediation in "good faith" because of our intentions to keep the settlement confidential. ECF No. 80 at 2.[1] Letourneau states he expected an internal memorandum to be circulated among DOC

---

[1] Subsequent to receiving the instant Motion, Letourneau filed what appears to be an identical motion. ECF No. 82. Letourneau contends the reason the motion was sent twice was because DOC staff refused to send his mail. ECF No. 81. The fact the Motion was received by this Court twice, clearly proves otherwise.

staff announcing the settlement. <u>Id.</u> at 2-3. With respect to the claim regarding non-confidentiality of the settlement, Defendants agree with Letourneau that the settlement is not confidential. ⌐Plaintiffs are not barred from telling whomever they want about the terms of the settlement.⌐ With that said, DOC has the discretion as to how it informs staff about the settlement. <u>See</u> <u>Wolff v.</u> <u>McDonnell</u>, 418 U.S. 539, 569 (1974) ("The better course at this time, in a period where prison practices are diverse and somewhat experimental, is to leave these matters to the sound discretion of the officials of state prisons"). The settlement agreement does not require the Department to notify staff in a certain manner (or make any reference to notifying inmates at DOC).[2]

Although not entirely clear, Letourneau's second argument referenced in his motion is that there was misrepresentation. ECF No. 80 at 4. Letourneau writes "since the signing of the so-called 'settlement' term-sheet plaintiffs have learned..." that being referred to as a religion is "nothing short of degradation." <u>Id.</u> First, the Department of Corrections has no intention to degrade Plaintiffs genuinely held beliefs. To the contrary, the actions of the Department in agreeing to settle this case at a relatively early stage in the litigation is evidence of the Department's good intentions with respect to Plaintiffs' beliefs. Second, Letourneau does not directly state how or what misrepresentations Defendants made at mediation. Instead, it appears as though Plaintiff learned from fellow NOGE members that the settlement was insufficient under NOGE principles. In fact, Letourneau seems to take issue with only the first paragraph in the Term Sheet. The first paragraph states:

> The Rhode Island Department of Corrections ("RIDOC") acknowledges the Nation of Gods and Earths ("NOGE") is a religion and shall be accorded the same protections as any other religion.

Letourneau would like the paragraph to be amended as follows:

---

[2] Arguably, informing other inmates may be deemed as the State promoting a religion.

4

> The Rhode Island Department of Corrections ("RIDOC") acknowledges the Nation of Gods and Earths ("NOGE") is a God-centered culture and shall be accorded the same protections as any religion.

Respectfully, the parties agreed to dismiss this case, with prejudice, contingent on the agreed upon terms. Plaintiffs have not shown any bad faith on behalf of Defendants. As stated above, Plaintiffs are free to tell whomever they want about the settlement. Moreover, the effect of this settlement agreement will impact other inmates who wish to be categorized as a member of NOGE. Finally, there is no claim that Defendants are in breach of the settlement agreement.

Notwithstanding the above, the Department must consider NOGE a religion. Indeed, if NOGE is not a religion in the legal sense, NOGE members would not be entitled to the same protections as a religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act.[3] Although this may seem like semantics, it is not for Defendants.[4] A culture is not entitled to constitutional protections. See Frazee v. Illinois Dep't of Employment Sec., 489 U.S. 829, 833 (1989). Lastly, it is important to remember that NOGE members are now entitled to more openly practice their beliefs while incarcerated, regardless of whether NOGE members call it a God-centered culture or if it is viewed as a religion in the legal context.

---

[3] Upon information and belief, the Connecticut Department of Corrections recently settled a lawsuit with NOGE members in which all parties agreed that NOGE is "religious in nature."

[4] A court must find NOGE as a religion or religious in nature before First Amendment of RILUPA protections apply. See Marria v. Broaddus, No. 97 CIV.8297 NRB, 2003 WL 21782633, at *12 (S.D.N.Y. July 31, 2003); Hardaway v. Haggerty, No. 05-70362, 2009 WL 6093273, at *7 (E.D. Mich. Aug. 17, 2009), report and recommendation adopted in part, rejected in part, No. 05-70362, 2010 WL 1131446 (E.D. Mich. Mar. 22, 2010); Wright v. Fayram, No. C11-0001, 2012 WL 2312076, at *6 (N.D. Iowa June 18, 2012), report and recommendation adopted, No. C11-1, 2012 WL 2838366 (N.D. Iowa July 10, 2012).   Compare with Versatile v. Johnson, No. 3:09CV120, 2011 WL 5119259, at *13 (E.D. Va. Oct. 27, 2011), aff'd, 474 F. App'x 385 (4th Cir. 2012) (finding NOGE is not a religion and therefore refused to extend protections to NOGE members).

## V.   CONCLUSION

Based on the foregoing, Defendants respectfully request that this Honorable Court deny Plaintiffs' Motion.

Respectfully submitted,

DEFENDANTS,

PETER F. KILMARTIN
ATTORNEY GENERAL

By their Attorney,

/s/ Thomas A. Palombo
/s/ Adam J. Sholes

Adam J. Sholes, Bar No. 7204
Thomas A. Palombo, Bar No. 4212
Assistant Attorneys General
R.I. Department of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400
Fax: (401) 222-3016
tpalombo@riag.ri.gov
ajsholes@riag.ri.gov

## CERTIFICATE OF SERVICE

I hereby certify that I filed the within document via the ECF filing system and that a copy is available for viewing and downloading.  I have also caused a copy to be sent via U.S. First Class mail to the following on this 10th day of May, 2017.

Robert Vangel, pro se
Inmate ID 92716
ACI —Maximum
P.O. Box 8273
Cranston, RI 02920

Devon Letourneau, pro se
Inmate ID 140071
ACI – High Security
P.O. Box 8200
Cranston, RI 02920

/s/ Adam J. Sholes

6

# EXHIBIT N

BOOK ORDER ORIGINALLY DENIED BY DEFENDANT, RICHARD HAHN



# MAXIMUM SECURITY FACILITY
## Memorandum



**To:**     **Letourneau, Devon**     **ID#:   140071**          **Cell:   P1- 19**

**From:**   **Deputy Warden R. Hahn**

**Date**    **January 20, 2022**

**Subject:   Book order**

I am receipt of one book that was ordered through Amazon titled "Anarchism and the Black Revolution". I have reviewed the book and determined that this publication poses a substantial security risk to this facility.

If you wish, you may appeal my decision to the Publication Review Committee. DOC Policy 24.01-7 states you have fourteen (14) days, from receipt of this letter to appeal or return the book.

# E X H I B I T



BOOKED DENIED BY PUBLICATION REVIEW COMMITTEE
AFTER HAVING BEEN REFFERED THERETO BY DEFENDANT, RICHARD HAHN



**STATE OF RHODE ISLAND**
**Department of Corrections**

SERGIO DESOUSAROSA
*Warden*
*Central Office*
*Institutions and Operations*
*39 Howard Avenue*
*Cranston, RI 02920*

February 4, 2022

Inmate Devon Letourneau
ID 140071
Maximum Security
P.O. Box 8273
Cranston, RI 02920

Inmate Letourneau:

The Publication Review Committee (PRC) reviewed one publication that was requested from Deputy Warden Hahn of Maximum Security.

1.  "Anacarchism and Black Revoultion"

The PRC has reviewed the publication and we determined that this publication has no educational or rehabilitative value and poses a substantial security risk.

If you wish to appeal the PRC's decision, per policy 24.01-7, you have fourteen (14) days, from the receipt of this letter, to write to Assistant Director Rui Diniz to seek review of the PRC's decision.

Sergio DeSousarosa
Warden
Central Office
Institutions and Operations

C:  File
Rui Diniz, Assistant Director
Institutions and Operations
Lynne Corry, Warden
Richard Hahn, Deputy Warden
Maximum Security

# EXHIBIT P

ASSISTANT DIRECTO, RUI DINIZ ADMITTING
THAT HE NEVER RECIEVED AN APPEAL OF THE BOOK
ORIGINALLY DENIED BY DEFENDANT, RICHARD HAHN
AND THE PUBLICATION REVIEW COMMITTEE

 **STATE OF RHODE ISLAND**
**Department of Corrections**
**39 Howard Avenue**
**Cranston, RI 02920**

April 1, 2022

Inmate Devon Letourneau ID#140071
Maximum Security
P.O. Box 8273
Cranston, RI  02920

Dear Inmate Letourneau,

I am in receipt of your letter dated 03/30/22.  In your letter, you reference (2) separate concerns.  The 1st concern is your request to be provided with a flash drive for the purpose of saving your legal documents.  I have spoken to Warden Corry about this request.  She is working on it.  I will forward a copy of this letter to her.

Your 2nd concern regarding your book appeal.  I did not receive any letter appealing the denial of the book you are referring to. Based on the date you provided in this letter of 02/05/22, it would no longer be eligible for the appeal process.

Sincerely,

Rui Diniz, Assistant Director
Institutions and Operations

RD/ml

cc:    L. Corry, Warden/Maximum & High Security
       R. Hahn, Deputy Warden/Maximum Security
       File

# EXHIBIT Q

2022–0201 GRIEVANCE OF TAMPERING WITH PLAINTIFF MAIL
AFTER DEPOSITED INTO USPS MAIL DROP-BOX

13.10 DOC; Inmate Grievance Procedure                                                      Page 1 of 1

## RHODE ISLAND DEPARTMENT OF CORRECTIONS
## INMATE GRIEVANCE FORM

| Grievance #: | Date Recieved (Level 1): | Date Recieved (Level 2): |
|---|---|---|
| 2072-0701 | | |

**DO NOT WRITE ABOVE THIS LINE**

**Part A. – Complaint**

**Instructions:** Provide complete, accurate and legible information. Attach copies of required documentation. If additional space is needed, please attach a separate sheet to this form and include your name and inmate ID number on each sheet of paper. Failure to adhere to the filing procedures outlined in the most recent version of RIDOC policy 13.10; Inmate Grievance Procedure, may result in your grievance being returned as denied or unprocessed.

Inmate Name: Devin D. Letourneau     Inmate ID#: 140071     Grievance File Date: 4-6-22

**Facility:**   ☐ ISC   ☐ HSC   ☑ MAX   ☐ MED   ☐ MIN   ☐ WOM

**Description** (Must include the date the incident occurred, the facility where it occurred and the reasonable relief requested):

*[handwritten margin note: this is the issue]*

On 4-4-2022, ANIC Rui Dinis wrote me back regarding 2 of my inquiries. One of which is my appeal to him of my book that was denied by the PRC. "ANIC Dinis stated in his 4-1-2022 response that he did not ever receive my appeal that I did file. I want my book, or I wish to press charges.

Inmate's Signature: Devin W. Letourneau     Date: 4-6-2022

Receiving Staff Signature: _____     Date: _____

**DO NOT WRITE BELOW THIS LINE**

**Part B. – Response**     ☐ Level 1 - Date Received by Warden/designee: _____     ☐ Level 2

*[handwritten margin note: this isn't the issue]*

Dear inmate Letourneau,

I have received your grievance concerning a book which I denied on January 30, 2022. I received a notice that the book was under review on February 2, 2022, from the Publication Review Committee and received a letter stating that book was denied at that level. The book in question is in my office.

Based on the information provided to me the grievance is denied.

Deputy Warden Hahn

☐ Approved   ☑ Denied   ☐ Unprocessed   ☐ Withdrawn   ☐ Referred to: _____

Signature: _____     Title: Dep Warden     Response Date: 4/11/2022

**Part C. – Appeal**     ☐ Level 1 Grievance Response Not Received Within Fifteen (15) Days

**Instructions:** If you wish to appeal your Level 1 grievance decision please sign and date below. **DO NOT** include a statement or summary of your grievance, as it is on file with the Department. This appeal will take into consideration **only** the grievance statement submitted at Level 1.

Inmate Signature: By Devin D Letourneau     Date: 4-13-22

**Level 1 Distribution:** Facility Grievance Officer, Inmate     **Level 2 Distribution:** Department Grievance Coordinator

# EXHIBIT R

ARTICLE FROM PROVIDENCE JOURNAL
SUNDAY, DECEMBER 8th, 2019
BY, KATHERINE GREGG,
TITLED: BIAS SUIT COSTS STATE $380K

Sunday, December 8, 2019   **PROVIDENCE JOURNAL**   |   **providencejournal.com**

# Bias suit costs state $380K

### 251 payments go to black and Hispanic ACI guard applicants over written and video exams

By Katherine Gregg
Journal Political Writer

PROVIDENCE — Rhode Island has in recent weeks paid out hundreds of thousands of taxpayer dollars to settle a 2014 lawsuit by the U.S. Department of Justice alleging that hiring practices at the state prison discriminated against blacks and Hispanics.

In response to a Journal request on Oct. 14 for a breakdown of who received the $380,419 in recent settlement payments, the Department of Corrections this past Thursday provided a list of 251 payments on a spreadsheet with no names attached, only initials of first and last names. The number of payments far exceeds the number of potentially affected applicants cited in the settlement agreement.

When pressed for more information on who received the state payments ranging from $286.63 to $3,096.36, Corrections officials said the state doesn't know

See GUARD, A14

# GUARD

*From Page A1*

how many people actually received the money because the determinations were all made by the Department of Justice — and even if it knew who received what, "disclosure would be an unwarranted invasion of privacy."

The agency, nonetheless, is required by the settlement agreement with the federal government to give some of the claimants priority hiring status and make back payments to the state pension fund on their behalf.

State law says: "Settlement agreements of any legal claims against a governmental entity shall be deemed public records." The R.I. Airport Corporation earlier this year interpreted those

**The history:** The U.S. Department of Justice in 2014 sued the Department of Corrections and the state in U.S. District Court, claiming discrimination against minority applicants for entry-level jobs as correctional officers at the state prison.

Justice officials alleged that the state's practice of having job seekers undergo written and video examinations eliminated blacks and Hispanics at much greater rates than whites. In a letter to the state corrections officials, the Justice Department

words to mean it had to make public severance payments to former employees, despite the nondisclosure language it had appended to those agreements.

In a Dec. 5, 2019, letter to the Journal explaining the decision to withhold the details of the payments, agency lawyer Kathleen Kelly, executive legal counsel to the R.I. Department of Corrections, wrote:

"The individuals who received the money are claimants who failed the DOC correctional officer entrance exam at some time between 2000 and 2013 and filed for compensation with the Department of Justice under the terms of the agreement. In weighing the balance between the identification of these private citizens, along with the amount of money each received, against the public's right to disclosure I have determined that these individual's privacy rights take precedence."

said that the tests had eliminated roughly 33% of white applicants since 2000, while screening out about 59% of black applicants and 67% of Hispanic applicants.

"The United States estimates that an additional 52 African American applicants and an additional 55 Hispanic applicants would have been hired by the State as correctional officers ... absent the disparate impact of the pass/fail use of the initial and revised written exams and the video exam," the federal government argued.

"The United States also contends that alternative selection devices exist to select candidates for correctional officer positions that would have served the State's legitimate needs and that would have had less disparate impact against African American and Hispanic applicants."

Under the September 2017 settlement agreement with the federal government, the state promised to provide priority hiring status to 18 black claimants and 19 eligible Hispanic claimants who were screened out of the hiring process between 2000 and 2013, the Justice Department said in a 2017 statement. It also promised "awards of retroactive seniority."

A further requirement: "The state develops and uses testing and selection procedures that, while ensuring the hiring of qualified correctional officer candidates, do not unnecessarily exclude qualified African American

and Hispanic applicants."

**The state agency** that runs the prison put lawmakers on notice in a late-September budget document that it still had $450,000 in reserve for payments to the claimants sometime in "the fall of 2019." It is unclear if there are any other applications for the money in the pipeline.

Also unclear: how many, if any, of the applicants granted "priority hiring status" have been hired and how the testing has changed.

A Department of Corrections budget document dated Sept. 20, 2019, said the agency was awaiting Department of Justice feedback on a newly developed test taken by some applicants this past August.

More recently, department spokesman J.R. Ventura said: "DOC has created a new test, which was administered to applicants this summer. We are now in the process of seating a class."

As to who may have benefited from the settlement, Ventura said: "According to the terms of the settlement agreement, the Department of Justice is responsible for reviewing and deciding all claims. The RIDOC is not in possession of the breakdown of how these claims were processed or how amounts were determined and awarded.

"The settlement agreement specifically states ... that the settlement award lists 'shall identify each claimant only by claimant ID number'."

# EXHIBIT S

INSTITUTIONAL REQUEST FORM
EXACTLY AS PROVIDED TO THE      INMATE POPULATION

# INSTITUTIONAL REQUEST FORM

TO:_____                    DATE:_____

I RESPECTFULLY REQUEST:_____

_____

_____

_____

_____

_____

INMATE NAME:_____          INMATE ID:_____

WORK ASSIGNMENT:_____          CELL NUMBER:_____

OFFICERS SIGNATURE:_____

SUPERIOR'S RESPONSE:_____

_____

_____

_____

_____

LIEUTENANT'S SIGNATURE:_____

**NOTICE THAT THERE IS NO PINK AND YELLOW SLIP CARBON COPY
FOR THE INMATE AND INSTITUTIONAL FILES**

# EXHIBIT T

DEFENDANT, WALTER DUFFY'S PERSONAL MEMO
HE PROVIDED TO THE PLAINTIFF ALONE VIA INTER-DEPARTMENT MAIL

# Maximum Security Memo

**To:** Letourneau, Devon #140071

**From:** Capt. Duffy

**Date:** March 24, 2022

**Subject:** YOUR KOSHER REQUEST

Your request for kosher trays Sunday March 27, 2022, has been forwarded to the Kitchen Supervisor. You will be offered kosher trays during both lunch and dinner meals for the scheduled NOGE Honor Day.

CC:  File