UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DEVON DENZEL LETOURNEAU, | : | |
| (aka SHABAZZ BE ALLAH) | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 22-285JJM |
| | : | |
| RHODE ISLAND DEPARTMENT OF | : | |
| CORRECTIONS, et al., | : | |
|     Defendants. | : | |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Plaintiff Devon Letourneau, a/k/a Shabazz Be Allah, is a prisoner in the custody of the Rhode Island Department of Corrections ("RIDOC") and a practitioner of the "culture and way of life" called the Nation of Gods and Earths ("NOGE"), also referred to as "Five Percenters."[1] Following litigation initiated in 2014 by Plaintiff and another inmate,[2] RIDOC entered into a settlement agreement whereby it recognized NOGE as a "religion," as that term is used in the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. Letourneau I, 2023 WL 4156827, at *1; see Vangel v. Aul, C.A. No. 15-43L, 2015 WL 5714850, at *6 (D.R.I. June 19, 2015) (pleading plausibly alleges that NOGE constitutes religion within meaning of First Amendment and RLUIPA), adopted, 2015 WL 5714855 (D.R.I. Sept. 29, 2015). In his Amended Complaint (ECF No. 32), Plaintiff claims that RIDOC and various RIDOC officials have fraudulently violated the settlement agreement,

---

[1] For background on NOGE, the reader is directed to the 2015 Aul decision cited in the text, as well as the prior decisions in this case: Letourneau v. Rhode Island Dep't of Corr., C.A. No. 22-285JJM, 2023 WL 4156827 (D.R.I. June 23, 2023), adopted by Text Order (D.R.I. July 11, 2023) ("Letourneau I") and Letourneau v. Rhode Island Dep't of Corr., C.A. No. 22-285JJM, 2023 WL 6160058 (D.R.I. Sept. 21, 2023) ("Letourneau II").

[2] Letourneau v. Aul, 14-cv-421-JJM, consolidated with Vangel v. Aul, 15-cv-43-JJM.

discriminated against NOGE adherents and violated his rights freely to exercise his religious[3] beliefs. Now pending before me for report and recommendation is Defendants' motion to dismiss (ECF No. 37) the case pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

I.  **Background**

In 2017, through a court-annexed mediation, Plaintiff signed a term sheet that settled his 2014 claims with RIDOC's acknowledgment that NOGE is to be recognized as a religion and its adherents are to be treated similarly to adherents of other religions, with specified rights of practice. The term sheet is publicly docketed in the 2014 case, Aul, 14-cv-421-JJM, ECF Nos. 80-1 at 7; 106-2. As clarified in an implementation plan filed at the direction of the Court, RIDOC informed staff of the settlement agreement and committed to posting notices of NOGE Honor Days but made clear that it had no duty to identify volunteers for NOGE services or to order NOGE publications and that NOGE publications remained subject to RIDOC's mail policy. Id. at ECF No. 87. All settlement terms were made subject to RIDOC's rules and regulations. Id. at ECF No. 80-1 at 7-8.

In 2022, proceeding *pro se*,[4] Plaintiff sued RIDOC and various RIDOC officials seeking money damages and injunctive/declaratory relief pursuant to 42 U.S.C. § 1983, invoking the First (Free Exercise), Fourth, Eighth and Fourteenth (Equal Protection) Amendments and RLUIPA. Letourneau I, 2023 WL 4156827, at *1. In the first version of the complaint, Plaintiff claimed that RIDOC failed to implement the mediated settlement agreement in good faith and, instead, engaged in religious discrimination to deter inmates from embracing NOGE and to deter

---

[3] One of Plaintiff's beliefs is that NOGE is not a religion even though he is asserting rights that protect religious practice and belief. As it has done in the many prior decisions issued in NOGE cases, the Court refers to Plaintiff's belief system as a "religion" because that is the term used in the applicable law to describe the right he is asserting. E.g., Letourneau I, 2023 WL 4156827 at *1 n.2.

[4] Plaintiff's filings have been interpreted with the leniency required for any *pro se* litigant. De Barros v. From You Flowers, LLC, 566 F. Supp. 3d 149, 152 (D.R.I. 2021).

access to the Five Percenter newspaper.  Id.  In March 2023, Defendants filed a partial motion to dismiss, which challenged the claims arising under the Fourth Amendment and RLUIPA, all claims against Defendants Director Patricia Coyne-Fague, Deputy Warden Richard Hahn, and Correctional Officer Vance Tyree, and all official capacity claims and claims for money damages.  Id. at *2.  The Court granted the motion in part, leaving intact Plaintiff's RLUIPA claims for injunctive/declaratory relief against RIDOC and Correctional Officers David Larangeira, Walter Duffy and James Thifault in their individual capacities.  Id. at *6-7.  The motion did not challenge the First Amendment Free Exercise and Fourteenth Amendment Equal Protection claims against RIDOC or Correctional Officers Larangeira, Duffy, and Thifault, which remained pending.  Id. at *2.

Following this partial dismissal, Plaintiff filed the Amended Complaint.  ECF No. 32; see Letourneau II, 2023 WL 6160058, at *1.  It adds three new Defendants, Director Wayne Salisbury, Warden Lynne Corry and Grievance Coordinator Billie Jo Gallagher; drops two Defendants, Correctional Officers Thifault and Larangeira; and adds back two previously dismissed Defendants, Correctional Officers Hahn and Tyree.  Id.  All individual Defendants are sued in their individual and official capacities.  ECF No. 32 at 1.  The Amended Complaint abandons the RLUIPA claim.  It still alleges federal law violations of the First Amendment (Free Exercise) and the Fourteenth Amendment (Equal Protection), claiming that RIDOC's discrimination against NOGE intentionally denies Plaintiff and NOGE adherents collectively of their constitutional rights.  It also now asserts new state law claims based on unspecified violations of the Rhode Island Code of Ethics (R.I. Gen. Laws § 36-14-1, *et seq.*) and breach of the mediated settlement agreement.  The new state law claim that RIDOC has breached the settlement agreement alleges that this breach amounts to fraud in that RIDOC is limiting the

3

effect of the settlement to Plaintiff himself and refuses to acknowledge that any NOGE adherent other than Plaintiff himself is entitled to have its protection. Despite this Court's 2017 finding that RIDOC was "proceeding with implementation of the settlement in good faith, consistent with its terms," Aul, 14-cv-421-JJM, ECF No. 88 at 9, adopted by Text Order (D.R.I. July 19, 2017), Plaintiff claims that this more recent failure to respect NOGE as a religion evidences that RIDOC entered the settlement agreement in bad faith.[5]

For factual allegations, Plaintiff's Amended Complaint appears to rest on four claims.

First, Plaintiff's principal contention is that RIDOC has failed to treat NOGE as it treats other religions in that it has consistently failed to post notices announcing NOGE Honor Days analogous to the notices posted for other religions as required by the settlement agreement. ECF No. 32 ¶¶ 5, 25, 27-31. Further, in the months leading up to and shortly after the complaint was filed in 2022, Defendants Corry and Duffy sent Plaintiff personal memoranda (rather than making a posting available more widely to all NOGE adherents) regarding an approaching NOGE honor day. Id. ¶¶ 25, 32 & Exs. I, J, L. Relatedly, Plaintiff complains that the settlement agreement's core premise that NOGE must be treated as a religion has been violated as to others in that four other inmates have told him (and signed affidavits averring to their statements)[6] that

---

[5] After filing the Amended Complaint in this case, in late 2023, Plaintiff filed a motion in the long-closed 2014 case (Aul, 14-cv-421-JJM) asking the Court to find RIDOC in contempt of the settlement agreement because it confiscated color copies of certain NOGE material as contraband. Id. at ECF No. 106. RIDOC's opposition to the contempt motion relies substantively on its inmate mail policy, to which the term sheet is expressly made subject; pursuant to that policy, as averred to by a Declaration from a Deputy Warden, color copies are not authorized mail because they can be used to mask paper containing suboxone or synthetic cannabinoids. Id. at ECF Nos. 108; 108-1 ¶ 8. Therefore, the confiscation of these color copies is consistent with and not in breach of the settlement agreement as memorialized in the term sheet. RIDOC also relies on the reality that the settlement agreement was not adopted as an enforceable order of the Court and therefore is not subject to the Court's contempt power. Crediting both arguments, I am issuing a report and recommendation in the 2014 case, which recommends that the contempt motion be denied.

[6] More recently, on March 29, 2024, Plaintiff submitted yet another such affidavit from another inmate, which avers to interference with his NOGE practice by various RIDOC officials. ECF Nos. 39, 39-1. The Court has considered it as part of the Amended Complaint.

Correctional Officer Thifault (not a Defendant named in the Amended Complaint) has targeted them because he believes that NOGE is a gang; in "certain instances[,]" their NOGE literature/property has been confiscated. Id. ¶ 17 & Exhibit C. This conduct has adversely impacted Plaintiff by deterring the other inmates from adhering to NOGE, thereby undermining the "spirit of togetherness" and "fellowship" that is part of Plaintiff's NOGE's religious practice. See id. ¶¶ 28, 31.

Second, Plaintiff alleges that, in 2017, RIDOC's religious service coordinator asked Plaintiff to select the proper kufi style for NOGE. ECF No. 32 ¶ 7. Yet Plaintiff's preferred style was never placed on the commissary list as the religious coordinator promised. Id. at ¶ 10. The Amended Complaint does not clarify whether this kufi style is consistent with RIDOC's rules and regulations as required by the settlement agreement. Aul, 14-cv-421-JJM, ECF No. 80-1 at 8; see Harris v. Wall, 217 F. Supp. 3d 541, 545-46, 561-63 (D.R.I. 2016) (to protect religious rights of inmates while acknowledging important institutional interest in safety and security, court orders that RIDOC must allow wearing of "solid color, close-fitted, seamless, crocheted kufi" in specified settings; other styles may be banned based on institutional security concerns).

Third, Plaintiff charges that RIDOC wrongfully failed to initiate contact with NOGE spiritual leader Born King Allah to arrange for an "enlightener" to come into the prison to teach civilization classes. ECF No. 32 ¶¶ 8-10. The Amended Complaint does not explain how this conduct impinges religion. Nor does it allege how this conduct violates the settlement agreement in light of RIDOC's clear statement in connection with the settlement agreement that it assumed no duty to recruit NOGE volunteers. Aul, 14-cv-421-JJM, ECF No. 87 at 3.

Fourth, seeking to amplify allegations that were found to be insufficient to state a claim in his initial complaint, Letourneau I, 2023 WL 4156827 at *6, Plaintiff complains about mail irregularities impacting the delivery of a NOGE publication, the Five Percenter newspaper. ECF No. 32 ¶¶ 18-24. Specifically, he claims a three-week delay in his receipt of his first issue and that, when he got it, the envelope had been discarded. Id. ¶¶ 19-20. Plaintiff filed a grievance, but Defendant Hahn told him that RIDOC is not required to provide the envelope in which mail arrives. Id. ¶¶ 20-21. Plaintiff appealed to Defendant Gallagher, who informed Plaintiff that envelopes may contribute to security issues and are discarded to control contraband. Id. ¶¶ 22, 23. Defendants Hahn, Duffy, Tyree and Gallagher "initially took the position against which Plaintiff complained of for several months, i.e. writing Plaintiffs name on the Five Percenter Newspaper and discarding the envelopes." Id. ¶ 24. However, shortly after RIDOC was served with the initial complaint, Defendants Hahn and Duffy instructed the RIDOC prison post officer, Defendant Tyree, not to write on Plaintiff's newspaper and to deliver it in the envelope in which it arrived, "going against previously made grievance decisions." Id. at 3 & ¶¶ 24, 37. After that, Defendants Tyree and Hahn "provided Plaintiff his full and complete mail article." Id. ¶ 37. In light of this shift in response to his demand, Plaintiff charges Defendants Hahn and Gallagher with being untruthful and deceptive by making "false and contradictory grievance responses." Id. ¶¶ 22, 34.

For remedies, Plaintiff seeks declaratory relief, punitive damages of $10,000 and an injunction ordering religious awareness training for RIDOC staff. ECF No. 32 at 15. He also asks the Court to require RIDOC to prepare "a brief annual report to be provided to the offender population so that all faiths can be assured that their faiths are not being viewed or targeted, by mistake, misunderstanding or otherwise." Id.

**II.    Standard of Review**

To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and it must show "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. That is, the non-conclusory factual allegations, taken as true, must state a plausible, not a merely conceivable, case for relief. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

**III.   Law and Analysis**

    A.    Section 1983 Constitutional Claims

I begin by quickly setting aside Plaintiff's § 1983 money damage claims against RIDOC and the individual Defendants in their official capacities. Based on the "well-settled principle grounded in the Eleventh Amendment and established by the Supreme Court in Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989)," the Court previously held in Letourneau I that neither a State nor its officials acting in their official capacities may be sued for money damages as persons under § 1983. Letourneau I, 2023 WL 4156827, at *4; see Mathews v. Romo, Civil Action No. 7:21-00305, 2022 WL 363000, at *6 (S.D. Tex. Jan. 6, 2022) (§ 1983 plaintiff not entitled to punitive damages from either state or state official sued in official capacity as neither are considered a "person" under § 1983), adopted, 2022 WL 358253 (S.D. Tex. Feb. 7, 2022). Echoing the law as already established in this case, I recommend that Plaintiff's § 1983 money

damage claims against RIDOC and individual Defendants in their official capacities should be dismissed.

I next lay out a short explication of the law applicable to Plaintiff's § 1983 Free Exercise and Equal Protection claims. The Free Exercise Clause protects religious liberty against government interference. Does 1-6 v. Mills, 16 F.4th 20, 29 (1st Cir. 2021). Equal protection means that "similarly situated persons" must receive "substantially similar treatment from their government." Tapalian v. Tusino, 377 F.3d 1, 5 (1st Cir. 2004). The Equal Protection Clause prohibits different treatment based on an impermissible consideration, such as religion. Kuperman v. Wrenn, 645 F.3d 69, 78 (1st Cir. 2011). Because prisoners do not forfeit all constitutional protections by reason of their conviction, Bell v. Wolfish, 441 U.S. 520, 545 (1979), in Turner v. Safley, 482 U.S. 78 (1987), the Supreme Court "adopted a unitary, deferential standard for reviewing prisoners' constitutional claims: '[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.'" Shaw v. Murphy, 532 U.S. 223, 229 (2001) (quoting Turner, 482 U.S. at 89). What has come to be referred to as the "Turner test" applies to whether prison officials have violated a prisoner's right both to free exercise and to equal protection in matters of religion. Letourneau I, 2023 WL 4156827, at *5. As to any prison policy or practice that impinges religious practice, the Turner test requires courts to examine (1) whether the regulation or practice in question furthers a legitimate governmental interest; (2) whether there are alternative means of exercising religious rights that remain open to prison inmates; (3) whether accommodation of the right will disrupt the prison environment, and (4) whether an alternative exists which would fully accommodate the prisoner's rights at a *de minimis* cost to valid penological interests. Id.

Applying these legal principles to the Amended Complaint, I find that Plaintiff has stated a plausible claim that his religious rights, including to experience spiritual togetherness and fellowship from sharing religious meals, have been impinged by RIDOC's failure to treat NOGE as it treats other religions due to its failure to post notices by which all NOGE adherents are made aware of NOGE honor days. Buttressed by Plaintiff's concrete factual allegations that five fellow NOGE adherents have been deterred from NOGE practice because at least some correctional officers have continued to treat NOGE as a "gang," ECF No. 32 ¶ 17,[7] and that RIDOC has interpreted the settlement agreement as applicable only to Plaintiff,[8] coupled with the lack of any penological justification on the face of the pleading to justify this disparate treatment, I recommend that this claim should proceed to the discovery phase. See Palermo v. White, Civil No. 08-cv-126-JL, 2008 WL 4224301, at *4-5 (D.N.H. Sept. 5, 2008) (claim survives screening "[w]here accommodations that are made for inmates to practice one religion . . . but are denied to a member of another religion arbitrarily, and the difference in treatment cannot be attributed to a legitimate penological interest, the failure to provide the accommodation may be unduly restrictive of the religious practice of the inmate denied the accommodation"). Further, and reading the Amended Complaint with the required leniency, I find that this claim is plausibly asserted against RIDOC for declaratory and injunctive relief and

---

[7] Plaintiff's allegation that he has been injured by loss of religious fellowship and the spirit of togetherness clearly gives him standing to rely on the complaints of other NOGE adherents who have told him that RIDOC officials have targeted them for possessing NOGE literature/property, which was confiscated in certain instances. ECF No. 32 ¶ 17 & Exhibit C; ECF Nos. 39, 39-1. Plaintiff's reliance on these facts is limited in that Plaintiff does not allege that he has been subjected to this treatment. While these inmates could bring claims for themselves based on this treatment (and apparently one of them has already done so), Plaintiff lacks standing to bring such a claim on behalf of others. Davidson v. Stanley, No. Civ. 02-190-JD, 2003 WL 21785151, at *6 (D.N.H. Aug. 4, 2003) ("'A prisoner cannot bring claims on behalf of other prisoners.'").

[8] Defendants' argument that this claim is moot does not fly at the motion to dismiss phase in that Plaintiff has plausibly alleged that the private offer of Defendants Duffy and Corry to him of a kosher meal for a NOGE honor day, while failing to treat NOGE as other religions are treated by posting the offer so other inmates may join in spiritual fellowship, is actionable religious impingement.

against Defendants Corry and Duffy[9] individually for money damages.[10]  See ECF No. 32 ¶¶ 25-26, 32, & Exs. I, J, M.

As to the balance of the § 1983 allegations in the Amended Complaint, I find that none have sufficient heft to clear the Fed. R. Civ. P. 12(b)(6) bar set by Twombly/Iqbal.[11]

Plaintiff's allegation that the commissary does not stock Plaintiff's preferred style of kufi, without more, does not plausibly allege either religious discrimination or that his religious practice has been impinged, nor does this conduct amount to a violation of the settlement agreement's requirement that RIDOC must permit "wear[ing] a Kufi subject to RIDOC rules and regulations," ECF No. 32, Ex. A ¶5 .  As this Court held in Harris, RIDOC is required only to permit the wearing of a specified style of kufi whose design accommodates RIDOC's legitimate security concerns about headwear.  217 F. Supp. 3d at 545-46, 561-63 (in specified settings, RIDOC must allow wearing of "solid color, close-fitted, seamless, crocheted kufi").  Otherwise, the law is clear that prison officials are not "obligated to provide an inmate with head coverings of their choice."  Bryant v. Miller, No. 9:18-CV-494 (GTS/CFH), 2019 WL 5273210, at *9 (N.D.N.Y. June 18, 2019) (internal quotation marks omitted), adopted, 2019 WL 4267376

---

[9] These Defendants argue that the claims against them should be dismissed based on the doctrine of qualified immunity.  While that may turn out to be true once the facts are developed, I find that it is premature now to make that determination.

[10] I note that Plaintiff has also sued Defendant Salisbury in his individual capacity for this constitutional transgression, solely based on his having become the RIDOC director by the time of the filing of the Amended Complaint.  ECF No. 32 ¶ 30.  This transgresses the core principle that "[u]nder Section 1983, there is no liability for supervisors under a respondeat superior basis and any liability that does attach to supervisors must be based on their own acts or omissions."  Clergeau v. Massachusetts Dep't of Corr., ___ F. Supp. 3d ___, Civil Action No. 1:21-CV-10136-AK, 2024 WL 308019, at *9 (D. Mass. Jan. 27, 2024).  While these claims are plausible as to RIDOC and certain Defendants, as to Defendant Salisbury in his individual capacity, they are not and must be dismissed.

[11] Based on this finding, this report and recommendation does not dig deeper into a defendant-by-defendant analysis of the Amended Complaint's sufficiency.  For example, in Letourneau I, 2023 WL 4156827, at *6-8, the Court found that the pleading failed to state a claim against Defendants Hahn and Tyree; the Amended Complaint does not cure that deficiency.  Nor does the Amended Complaint contain actionable facts establishing conduct impinging on religion committed by Defendant Gallagher.

(N.D.N.Y. Sept. 10, 2019). Also failing to state a claim is Plaintiff's contention that, after June 2, 2017, no RIDOC official initiated contact with the NOGE spiritual leader so he could assist NOGE adherents in identifying an enlightener to teach the civilization class. Such a duty to initiate contact with a specified religious leader was eschewed by the implementation plan for the settlement agreement ("DOC shall have no obligation to locate, identify or obtain volunteers." Aul, 14-cv-421-JJM, ECF No. 87 at 3). At bottom, without more, this allegation fails because prison officials "are not constitutionally obligated to provide volunteer" religious leaders to inmates. Baze v. Parker, Civil Action No. 5:11-CV-P83-R, 2013 WL 3894961, at *4 (W.D. Ky. July 26, 2013). I recommend that all § 1983 claims based on these allegations be dismissed for failing to state a claim.

Finally, Plaintiff's dissatisfaction with the application of RIDOC's mail policy to his Five Percenter newspaper (a one-time three-week delay, the discarding of the envelope and the writing of the recipient's name on the newspaper), including his seemingly inconsistent dissatisfaction when RIDOC altered its policy and capitulated to his demand that the envelope must be delivered with the recipient's information written on the envelope, simply does not rise to the level of a plausible claim that his NOGE religious practice has been impinged or that he has been subject to religious discrimination. For starters, the mere confiscation of an envelope in the prison setting, in and of itself, does not state a claim for relief under § 1983. Ibeabuchi v. Penzone, No. CV 17-03154-PHX-PGR (JZB), 2017 WL 11422151, at *3-4 (D. Ariz. Nov. 7, 2017) (confiscation of legal mail envelope because of excessive tape is contrary to county jail rules but, absent more, does not rise to level of constitutional violation); Whiteshield v. Beals, 940 F.2d 670, 1991 WL 138866, at *1-2 (9th Cir. July 26, 1991) (Table) (confiscation of padded envelope considered contraband by prison did not violate due process). Similarly, neither a one-

time delay in the receipt of religious literature nor an action as inconsequential as the writing of a recipient's name on a newspaper for proper delivery purposes rises to the level of a constitutional deprivation. See Dobbey v. Uptown People's L. Ctr., No. 23-1885, 2023 WL 8106978, at *3 (7th Cir. Nov. 22, 2023) (single interference with mail insufficient to state a First Amendment claim); Sizemore v. Williford, 829 F.2d 608, 610 (7th Cir. 1987) ("[M]erely alleging an isolated delay or some other relatively short-term, non content-based disruption in the delivery of inmate reading materials will not support, even as against a motion to dismiss, a cause of action grounded upon the First Amendment."); Lugo v Fisher, Case No. 1:19-cv-00039-JLT-SAB (PC), 2022 WL 2239643, at *3 (E.D. Cal. June 22, 2022) (isolated incident of interference or delay in prison mail insufficient to state a cognizable claim), adopted, 2022 WL 3030435 (E.D. Cal. Aug. 1, 2022). And Plaintiff's claim that RIDOC's turnaround – deciding to alter policy and accommodate his religious concerns – itself is unconstitutional is utterly implausible.[12]  I recommend that all claims based on these factual allegations should be dismissed.

B.     The State Law Claims

Plaintiff's state law claim that Defendants have violated the Rhode Island Code of Ethics, R.I. Gen. Laws § 36-14-1 et seq., must be dismissed because that statutory scheme "does not provide for a private right of action," Narragansett Pellet Corp. v. City of East Providence ex rel. Fitzgerald, No. 06-464 ML, 2007 WL 2821538, at *6 (D.R.I. Sept. 25, 2007) (enforcement of

---

[12] Plaintiff also argues that RIDOC's change of position to accommodate Plaintiff's religious concerns means that the officials involved in that decision are guilty of violating RIDOC policies that require them to respect civil rights of inmates and to avoid intentionally untruthful writing. ECF No. 32 ¶¶ 35-36. Apart the implausibility of a claim that prison officials can be liable for accommodating prisoners, without more, a policy violation does not support an independent cause of action. See El v. Hazlewood, Case No. 19-CV-647-JL, 2020 WL 3086289, at *5 (D.N.H. May 7, 2020) ("prison policies governing the conduct of prison officials in this case do not themselves provide [plaintiff] with a private right of action for prison officials' violations of those policies"), adopted sub nom. Re El v. FCI Berlin, Warden, 2020 WL 3086273 (D.N.H. June 9, 2020); Querido v. Wall, C.A. No. 10-098 ML, 2010 WL 5558915, at *3 (D.R.I. Dec. 8, 2010) ("a violation of RIDOC policy, in and of itself, does not rise to the level of a constitutional violation"), adopted, 2011 WL 63503 (D.R.I. Jan. 7, 2011).

Code "committed exclusively" to the Rhode Island Ethics commission).  The Ethics Code claim also fails because Plaintiff has provided no facts to support his conclusory allegation that it has been violated.

Potentially plausible, however, is Plaintiff's state law claim[13] that RIDOC has breached the settlement agreement with him because it has not treated NOGE adherents the same as it treats adherents of other religions by its failure to post notices of upcoming NOGE honor days, resulting in injury to Plaintiff to the extent that he has not shared fellowship and a spirit of togetherness among NOGE adherents as other believers may.  The Court may exercise supplemental jurisdiction over this state law breach of contract claim.  Rivera v. State Ins. Fund Corp., 410 F. Supp. 2d 57, 60 (D.P.R. 2006).  Not plausibly plead is Plaintiff's puzzling-to-the-Court (despite a lenient read of the Amended Complaint) claim that RIDOC's approach to the settlement agreement somehow amounts to "fraud."  This allegation seems to be a lingering artifact from the matters raised in Plaintiff's hyperbolic and misplaced attack on RIDOC in his 2017 Fed. R. Civ. P. 60(b) motion in the 2014 case, which the Court examined and found utterly baseless.  Aul, 14-cv-421-JJM, ECF No. 88 at 2, 9, 11 & 2 n.3.  With no facts to support a state law claim of fraud, to the extent that Plaintiff's Amended Complaint may be interpreted as seeking to allege one, I recommend that it be dismissed due to its failure to comply with the requirements of Fed. R. Civ. P. 9(b) that "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud."

IV.     **Conclusion**

---

[13] Plaintiff does not have a federal law claim for breach of the settlement agreement because the agreement does not provide that the Court has retained jurisdiction over the agreement nor did the Court incorporate the agreement's terms into an enforceable court order.  See Consejo De Salud Playa De Ponce v. Mellado, 533 F. Supp. 3d 57, 59 (D.P.R. 2021).

I recommend that Defendant's motion to dismiss (ECF No. 37) be granted in part and denied in part. Arising from the factual allegation that RIDOC failed to post NOGE honor day notices in substantially the same way as it does for similarly situated adherents to other religions, including the related factual claim that RIDOC provides notice of NOGE honor days only to Plaintiff and not to other NOGE adherents, who have been and are being deterred from NOGE practice, I recommend that the Court deny the motion to dismiss Plaintiff's § 1983 claim based on the Free Exercise and Equal Protection Clauses against RIDOC for injunctive and declaratory relief and against Defendants Corry and Duffy individually for money damages. Arising from the same facts, I also recommend that the Court deny the motion to dismiss Plaintiff's state law breach of contract claim against RIDOC. As to all other claims and all other Defendants, I recommend that the motion to dismiss be granted.

Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation. See Fed. R. Civ. P. 72(b); DRI LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
April 1, 2024