UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DEVON DENZEL LETOURNEAU, | : | |
| (aka SHABAZZ BE ALLAH) | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 22-285JJM |
| | : | |
| RHODE ISLAND DEPARTMENT OF | : | |
| CORRECTIONS, et al., | : | |
|     Defendants. | : | |

**REPORT AND RECOMMENDATION REGARDING MOTION TO SUPPLEMENT**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Plaintiff Devon Letourneau, a/k/a Shabazz Be Allah, is a prisoner in the custody of the Rhode Island Department of Corrections ("RIDOC") and a practitioner of the "culture and way of life" called the Nation of Gods and Earths ("NOGE"), also referred to as "Five Percenters."[1] Following litigation initiated in 2014 by Plaintiff and another inmate,[2] RIDOC entered into a settlement agreement whereby it recognized NOGE as a "religion," as that term is used in the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. Letourneau I, 2023 WL 4156827, at *1.

In August 2022, proceeding *pro se*, Plaintiff sued RIDOC and various RIDOC officials seeking money damages and injunctive/declaratory relief pursuant to 42 U.S.C. § 1983, invoking the First (Free Exercise), Fourth, Eighth and Fourteenth (Equal Protection) Amendments and

---

[1] For background on NOGE, the reader is directed to the prior decisions in this case: Letourneau v. Rhode Island Dep't of Corr., C.A. No. 22-285JJM, 2023 WL 4156827 (D.R.I. June 23, 2023), adopted by text order (D.R.I. July 11, 2023) ("Letourneau I"); Letourneau v. Rhode Island Dep't of Corr., C.A. No. 22-285JJM, 2023 WL 6160058 (D.R.I. Sept. 21, 2023) ("Letourneau II"); Letourneau v. Rhode Island Dep't. of Corr., C.A No. 22-285JJM, 2024 WL 1381400 (D.R.I. Apr. 1, 2024), adopted by text order (D.R.I. Apr. 23, 2024) ("Letourneau III").

[2] Letourneau v. Aul, 14-cv-421-JJM, consolidated with Vangel v. Aul, 15-cv-43-JJM.

RLUIPA. Letourneau I, 2023 WL 4156827, at *1. In the first version of the complaint, Plaintiff claimed that RIDOC failed to implement the mediated settlement agreement in good faith and, instead, engaged in religious discrimination to deter inmates from embracing NOGE and to deter access to the Five Percenter newspaper. Id. In March 2023, Defendants filed a partial motion to dismiss, which challenged the claims arising under the Fourth Amendment and RLUIPA, all claims against Defendants Director Patricia Coyne-Fague, Deputy Warden Richard Hahn, and Correctional Officer Vance Tyree, and all official capacity claims and claims for money damages. Id. at *2. The Court granted the motion in part, leaving intact Plaintiff's RLUIPA claims for injunctive/declaratory relief against RIDOC and Correctional Officers David Larangeira, Walter Duffy and James Thifault in their individual capacities. Id. at *6-7. The motion did not challenge the First Amendment Free Exercise and Fourteenth Amendment Equal Protection claims against RIDOC or Correctional Officers Larangeira, Duffy, and Thifault, which remained pending. Id. at *2.

Following this partial dismissal, Plaintiff filed an Amended Complaint. ECF No. 32; see Letourneau II, 2023 WL 6160058, at *1. It added three new Defendants, Director Wayne Salisbury, Warden Lynne Corry and Grievance Coordinator Billie Jo Gallagher; dropped two Defendants, Correctional Officers Thifault and Larangeira; and added back two previously dismissed Defendants, Correctional Officers Hahn and Tyree. Id. The Amended Complaint abandoned the RLUIPA claim, maintained the First Amendment (Free Exercise) and the Fourteenth Amendment (Equal Protection) claims and added state law claims. Id. This time, Defendants moved to dismiss the entire complaint. ECF No. 37. The Court granted in part and denied in part Defendants' motion, leaving intact Plaintiff's Free Exercise and Equal Protection claims for injunctive and declaratory relief against RIDOC and Defendants Corry and Duffy for

2

money damages based on the allegations that RIDOC failed to post NOGE honor day notices in substantially the same way it does for similarly situated adherents to other religions and that RIDOC provides notices only to Plaintiff and not other NOGE adherents. Letourneau III, 2024 WL 1381400, at *4-7. Plaintiff's state-law claim against RIDOC for breach of the settlement agreement (based on an alleged breach of the settlement agreement) also survived the motion to dismiss. Id.

Within two weeks of the Court's decision on the motion to dismiss, Plaintiff filed the pending motion, seeking leave again to alter his pleading, this time to file a verified supplemental complaint focused on discipline against five new defendants. ECF Nos. 47-48. The proposed new defendants are the two correctional officers sued for initiating the discipline, and the Deputy Warden and two Discipline Hearing Officers involved with the discipline. ECF No. 48 at 2. Plaintiff seeks to sue each both individually and officially. Id. at 8.

The proposed supplemental complaint is based on two disciplinary bookings of Plaintiff in February and March 2024 for possession of contraband, including the possession of industrial size heavy-duty staples, a magazine belonging to another inmate and a burnt wire in his cell to which he set fire to make an "incendiary device," as Plaintiff admitted to increase the heat generated by his cooking appliance. ECF Nos. 48 to 48-6. Plaintiff makes the conclusory claim that these disciplinary actions were part of a "3 part plot" in retaliation for his exercise of his First Amendment rights to "[d]eter [him] from continuing to access the court for relief in ongoing civil action." ECF No. 48 ¶ 20. Only the second booking is directly linked to his NOGE First Amendment/Equal Protection claims; it followed a strip search of Plaintiff and two other inmates, resulting in the discovery of Plaintiff's possession of the heavy-duty staples and the magazine belonging to another inmate in that all three of the inmates searched are NOGE

3

adherents. Id. ¶¶ 14-16. Importantly, Plaintiff admits that he was afforded a hearing for both bookings and he does not deny that he possessed the contraband alleged and used contraband to "smoke or ignite." ECF No. 48-1 at 1. Rather, he complains only that his conduct was misclassified under RIDOC's policy. Id. ¶¶ 12, 15-18, 20. His attachments to the proposed pleading reveal that Plaintiff was afforded hearings regarding both incidents. Specifically, Plaintiff defended himself at the first discipline hearing by stating that the burnt wires were to increase the heat in a cooking device and not for "arson purposes" and that Plaintiff's second discipline hearing (in March 2024) was "concluded in absentia" because he "became argumentative and uncooperative and interrupte[ed]." ECF Nos. 48 ¶¶ 9-10; 48-1; 48-5. Also significant is that only one of the bookings resulted in close confinement (for the fire setting) and that was for only fifteen days, well below what has been held to be the imposition of an "atypical and significant hardship" implicating constitutional due process rights pursuant to Sandin v. Conner, 515 U.S. 472, 484 (1995) and Perry v. Spencer, 94 F.4th 136, 154 (1st Cir. 2024) (en banc). See ECF Nos. 48-1 at 2; 48-5, 48-6.

The motion to supplement has been referred to me. Because my recommendation is that it should be denied, including based on the futility of Plaintiff's new claims arising from new discipline against five new defendants, I address it by report and recommendation.[3]

**I.    Standard of Review**

Rule 15(d) of the Federal Rules of Civil Procedure allows the Court to grant leave to supplement a complaint with facts "setting out" a "transaction, occurrence, or event that happened after the date" of the complaint.[4] Fed. R. Civ. P. 15(d). "Absent undue delay, bad

---

[3] As the Court was preparing to issue this report and recommendation, Plaintiff filed a motion to stay (ECF No. 58) based on his intent to file yet another motion to supplement. That motion has been denied by text order.

[4] An *amended* pleading supersedes the original pleading and renders the original pleading a nullity. Korb v. Haystings, 860 F. App'x 222, 226 n.5 (3d Cir. 2021). A *supplemental* pleading adds post complaint events to the

4

faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion [to supplement] should be freely granted." Graham v. Grondolsky, Civil Action No. 08-40208-MBB, 2012 WL 405459, at *16 (D. Mass. Feb. 7, 2012) (internal quotation marks omitted); see U.S. ex rel. Gadbois v. PharmMerica Corp., 809 F.3d 1, 7 (1st Cir. 2015) ("In the last analysis, a district court faced with a Rule 15(d) motion must weigh the totality of the circumstances, just as it would under Rule 15(a)."). When "the matters alleged in a supplemental pleading have no relation to the claim originally set forth and joinder will not promote judicial economy or the speedy disposition of the dispute between the parties, refusal to allow the supplemental pleading is entirely justified." Stow v. McGrath, Civil No. 17-cv-088-LM, 2018 WL 1545701, at *3 (D.N.H. Mar. 2, 2018), approved, 2018 WL 1542324 (D.N.H. Mar. 28, 2018). As the applicable Rules make clear, "[u]nrelated claims against different defendants belong in different suits," in part "to ensure that prisoners pay the required filing fees," and that prisoners not avoid exposure to the "three strikes" provision of 28 U.S.C. § 1915(g). George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Thus, Fed. R. Civ. P. 15(d) is not an open invitation to make "supplemental" filings that subject defendants "to a moving target of litigation" or "bombard the [c]ourt" with filing upon filing. See Negron v. Turco, 253 F. Supp. 3d 361, 363 (D. Mass. 2017); see also Lath v Oak Brook Condominium Owners' Ass'n, Civil No. 16-cv-463-LM, 2017 WL 2986334, at *2 (D.N.H. July 13, 2017) (Rule 15(d) cannot be used to add separate, distinct and new cause of action). In evaluating a Rule 15(d) motion, "[e]verything depends on context." Gadbois, 809 F.3d at 7.

**II.    Analysis**

---

operative pleading but does not supersede it. Id.; see also Bourne v. Arruda, Civil No. 10-cv-393-LM, 2011 WL 2357504, at *18 (D.N.H. June 10, 2011) (supplemental pleading *adds* to the pleading while an amended pleading replaces the original pleading), aff'd, No. 13-1143 (1st Cir. Oct. 1, 2013).

5

As the Court and Defendants have struggled to respond to the shifting sands of Plaintiff's claims, this case has now been stuck at the pleading phase for two years with significant delays as the Court has dealt with serial (and well-founded) motions to dismiss. Apart from Plaintiff's status as a NOGE adherent and his conclusory allegation that the discipline in issue was to deter him from continuing to access the Court (presumably to prosecute this case), even when read with the requisite leniency to be afforded all *pro se* filings, I find that the supplemental complaint, as focused on discipline alleged to be retaliatory against five new defendants, bears little relation to the pending NOGE-related Free Exercise/Equal Protection and state law breach of contract claims against Defendants RIDOC, Duffy and Corry. See <u>De Barros v. From You Flowers, LLC</u>, 566 F. Supp. 3d 149, 152 (D.R.I. 2021). Thus, I find that granting Plaintiff's motion to supplement would not "promote the economic and speedy disposition of the entire controversy between the parties." <u>Gadbois</u>, 809 F.3d at 4 (internal quotation marks omitted). Rather, it would protract the ongoing delay as the Court and the parties veer off course for joinder of a new set of five defendants and new motion practice to allow the Court to entertain the inevitable Fed. R. Civ. 12(b)(6) motion making the futility arguments (addressed *infra*) that Defendants have marshalled to oppose supplementation. See <u>id.</u> at 7 ("leave to supplement may be withheld when the request would unduly delay resolution of the case") (internal quotation marks omitted); <u>see generally</u> <u>Tavares v. Macomber</u>, C.A. No. 18-606WES, 2019 WL 2502933, at *1 (D.R.I. June 17, 2019) (denying motion to supplement to add "a separate, distinct and entirely new and unrelated cause of action to be asserted against a new defendant"); <u>White v. McBurney</u>, C.A. No. 18-261 WES, 2018 WL 5085705, at *2 (D.R.I. Oct. 18, 2018) (declining to allow supplemental pleading, *inter alia*, because the pleading "present[ed] a litany of brand new allegations against non-parties that lack any obvious connection to the surviving claims").

I also find that the claims stated in the proposed supplementation are futile. Graham, 2012 WL 405459, at *16 (motion to supplement should be denied if futile); see also Chen-Oster v. Goldman, Sachs and Co., 251 F. Supp. 3d 579, 593 (S.D.N.Y. 2017) (supplemental pleading is futile when it would not survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss). Plaintiff's claim of "retaliation" is based solely on discipline of him (following a hearing) for admitted and serious misconduct implicating institutional safety. Thus, it fails plausibly to state a claim because it rests on an entirely conclusory foundation to establish the requisite causal link between the protected activity (practicing NOGE and litigating this case) and the adverse action (discipline). Accordingly, I find that the supplemental complaint does not clear the bar set by Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009) ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth"). Put differently, Plaintiff's conclusory allegation that what facially sounds like appropriate discipline was to deter his practice of NOGE and his prosecution of this suit is insufficient to "nudge[] [his] claim[]" of retaliation "across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011) ("Because prisoner retaliation claims are easily fabricated[] and . . . pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration, courts must insist that such claims are bound up in facts, not in the gossamer strands of speculation and surmise.") (internal quotation marks omitted).

## III.     Conclusion

I recommend that Plaintiff's motion to supplement (ECF Nos. 47, 48) should be denied because the claims are largely unrelated to the pending complaint, would cause more delay by the addition of new parties and are futile. Further, Plaintiff's revisions to his pleading have

spawned confusion not just for the Court, regarding the timing of Defendants' obligation to respond to the Amended Complaint.  In the interest of clarity, as soon as and to the extent that the Court adopts this recommendation and the Amended Complaint (ECF No. 32, reduced in scope by the Court's granting in part of the motion to dismiss, Text Order of Apr. 23, 2024) becomes the operative pleading, Defendants are directed to file their responsive pleading <u>within twenty-one days after the adoption order issues</u>.

      Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation.  <u>See</u> Fed. R. Civ. P. 72(b); DRI LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  <u>See</u> <u>Brenner v. Williams-Sonoma, Inc.</u>, 867 F.3d 294, 297 n.7 (1st Cir. 2017); <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016).


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
August 30, 2024