UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DEVON DENZEL LETOURNEAU, :
(aka SHABAZZ BE ALLAH) :
    Plaintiff, :
     :
v. : C.A. No. 22-285JJM
     :
RHODE ISLAND DEPARTMENT OF :
CORRECTIONS, et al., :
    Defendants. :

### REPORT AND RECOMMENDATION REGARDING JAYSON ZEPPIERI COMPLAINT IN INTERVENTION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

In this case, Plaintiff Devon Letourneau, a/k/a Shabazz Be Allah, a prisoner in the custody of the Rhode Island Department of Corrections ("RIDOC") and a practitioner of the "culture and way of life" called the Nation of Gods and Earths ("NOGE"), also referred to as "Five Percenters,"[1] is suing RIDOC and two of its officials (Warden Corry and Correctional Officer Duffy) claiming that his First Amendment right of free exercise of his religion and his right to Equal Protection have been violated by RIDOC's failure to post NOGE honor day notices and failure to treat him and other NOGE adherents in substantially the same way it treats similarly situated adherents to other religions. See Letourneau v. Rhode Island Dep't. of Corr., C.A No. 22-285JJM, 2024 WL 1381400 (D.R.I. Apr. 1, 2024), adopted by text order (D.R.I. Apr. 23, 2024). Mr. Letourneau also asserts a state-law claim against RIDOC for breach of a 2014 settlement agreement whereby RIDOC agreed to recognize NOGE as a religion. Id.

---

[1] For background on NOGE, the reader is directed to the prior decisions in this case: Letourneau v. Rhode Island Dep't of Corr., C.A. No. 22-285JJM, 2023 WL 6160058 (D.R.I. Sept. 21, 2023); Letourneau v. Rhode Island Dep't. of Corr., C.A No. 22-285JJM, 2024 WL 1381400 (D.R.I. Apr. 1, 2024), adopted by text order (D.R.I. Apr. 23, 2024).

On April 16, 2024, another inmate who is also a NOGE adherent, Jayson Zeppieri, filed a motion to intervene in this case with a supporting affidavit and attachments (collectively found to be Mr. Zeppieri's complaint in intervention).  ECF Nos. 43; 43-1; 43-2.  In his intervention pleading, Mr. Zeppieri alleged that he is a NOGE adherent and that his "ability to embrace [his] understanding of God is being threatened by the actions of employees at the ACI's Maximum Security Prison" in that, on one occasion, he was strip-searched on his way to a NOGE meeting and his NOGE publication was improperly seized as contraband.  ECF No. 43 at 1.  Mr. Zeppieri's filing effectively concedes that he was not found guilty of the serious charge that the NOGE publication is contraband; rather, the only finding (based on his admission) was for possession of a magazine that did not belong to him, resulting in a three-day loss of privileges.  ECF Nos. 43; 43-2.

In reliance on Mr. Zeppieri's *pro se* status, and Defendants' lack of a specific argument that the intervention would prejudice the parties, the Court exercised its discretion to allow permissive intervention pursuant to Fed. R. Civ. P. 24(b).  Text Order of May 9, 2024.  The ruling strictly limited the purpose of the intervention, holding that Mr. Zeppieri's complaint in intervention tracks Mr. Letourneau's claims against the same Defendants, with the strip search and seizure of the NOGE publication as contraband constituting an additional episode supporting Mr. Letourneau's core claim that RIDOC has failed to treat NOGE as a religion.  Id.

Defendants have now responded to Mr. Zeppieri's complaint in intervention with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  ECF Nos. 53-54.  Their motion focuses on the intervention complaint's lack of any allegations against Defendants Corry and Duffy and lack of any request for relief to redress any case or controversy.  ECF No. 54.  They ask the Court to examine the single episode in Mr. Zeppieri's affidavit, a strip search that is a

constitutionally permissible part of prison life, Kulhanek v. Griffith, No. 4:17-CV-02431-JAR, 2020 WL 2747301, at *6 (E.D. Mo. May 27, 2020), resulting in mild discipline for possession of a publication labeled as belonging to another inmate, which Mr. Zeppieri admitted.[2] ECF Nos. 43-2; 54. They contend that the Court should find that this incident is insufficient to state a plausible claim. They point out that, apart from Mr. Zeppieri's adherence to NOGE, which is not a justification for exempting him from random strip searches, his complaint in intervention is deficient because it relies solely on conclusory speculation to support the allegation that "[t]his strip search was part of a targeted provocation of me and other NOGE adherents." Id. at 6-8; see ECF No. 43 at 3. In addition, Defendants point out that Mr. Zeppieri's Interpleader Reply (ECF No. 56) reveals that Mr. Zeppieri may be proceeding on the mistaken belief that he has joined a correctional officer named Hector Moralez as a defendant. ECF No. 57. That is not correct – Hector Moralez is not a party defendant in this case. Further, as Defendants point out, Mr. Zeppieri appears to believe (wrongly) that this case now includes a claim for damages from Mr. Moralez for the strip search. See ECF No. 56 at 2. Yet such a claim is not pending in this case.

Defendants' motion to dismiss has been referred to me for report and recommendation.

## I.   STANDARD OF REVIEW

To survive a 12(b)(6) challenge, a complaint must contain facts sufficient to support a claim of relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court must accept as true all well-pleaded facts and disregard all conclusory legal allegations. Pitta v. Medeiros, 90 F.4th 11, 17 (1st Cir. 2024), cert. denied, __ S. Ct. __, 2024

---

[2] Mr. Zeppieri's affidavit alleges that he was initially charged with a more serious offense based on the constitutionally impermissible proposition that a religious text (the NOGE publication) is contraband. ECF No. 43. However, Mr. Zeppieri's submission indicates that the discipline board seemingly rejected that charge and focused only on the offense of possession of material belonging to another inmate. See id.; ECF No. 43-2.

WL 2883765 (June 10, 2024). The Court must draw on its "judicial experience and common sense" to determine whether the claim is plausible, that is, whether the "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

II.     ANALYSIS

When the Court examines Mr. Zeppieri's intervention complaint in isolation and the conclusory content is disregarded, Defendants' argument that what remains is insufficient to state a plausible claim may be well founded. However, the argument is fundamentally flawed in that it overlooks that Mr. Zeppieri's intervention complaint cannot be examined in isolation. In allowing intervention, the Court held that the complaint in intervention tracks and therefore incorporates Mr. Letourneau's claims against the same Defendants who are joined by Mr. Letourneau. When assessing a motion to dismiss a complaint in intervention that incorporates the allegations from the principal complaint, that pleading's content must be considered, and such incorporation can be sufficient to overcome a motion to dismiss for failure to state a claim. Neal v. Neal, Case No. 1:23CV00004, 2023 WL 7125260, at *2 (W.D. Va. Oct. 30, 2023). Since Mr. Letourneau's claim has survived two motions to dismiss, its incorporated content is enough to carry Mr. Zeppieri's complaint in intervention to the extent that Mr. Zeppieri's pleading adds the factual allegation that Mr. Zeppieri is a NOGE adherent who was strip-searched resulting in the seizure of a NOGE publication as contraband, which supports Mr. Letourneau's core claim that RIDOC has breached its constitutional and contractual duty to treat NOGE as a religion. To that extent, the motion to dismiss the intervention complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) should be denied.

Because of the seriousness of the consequences to Mr. Zeppieri, before closing I pause to clarify two points. First, Mr. Zeppieri is an intervenor in this case and the Court's conditions of intervention strictly limit him to joining Mr. Letourneau's claims against specified Defendants named and joined by Mr. Letourneau. To the extent that Mr. Zeppieri seeks to expand his intervention beyond these conditions of intervention (for example, to pursue a damage claim against Correctional Officer Moralez), he is at risk that his pleadings in intervention could be stricken or that his claim will be required to stand on its own and dismissed if he lacks standing or it fails to state a claim. See 7C Charles Alan Wright et al., Federal Practice and Procedure § 1914 (3d ed. 2007) (intervenor that fails to comply strictly with conditions of intervention could be stricken from case); United States v. AVX Corp., 962 F.2d 108, 112 (1st Cir. 1992) (once intervenor "can no longer ride [principal litigant's] coattails, [he] must himself bear the burden of showing that he [meets] the requirements for standing"). Second, Defendants are right that Correctional Officer Hector Moralez is not a party in this case and that this case does not set forth Mr. Zeppieri's claim for money damages from Correctional Officer Hector Moralez. Thus, Mr. Zeppieri is cautioned that it is unlikely that his intervention pleading would toll any statute of limitation applicable to such a claim should he seek to assert it in the future.

### III. CONCLUSION

Based on the foregoing, I recommend that the Court deny Defendants' motion to dismiss (ECF No. 53) the intervention complaint of Mr. Zeppieri based on the conditions of intervention previously set by the Court.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
September 3, 2024