UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| DEVON DENZEL LETOURNEAU *also known as* SHABAZZ BE ALLAH, <br>    Plaintiff, <br><br> v. <br><br> RHODE ISLAND DEPARTMENT OF CORRECTIONS; WALTER DUFFY *RIDOC- CO Captain*; and LYNNE CORRY, *Warden*, <br>    Defendants. | C.A. No. 22-cv-285-JJM-PAS |

# ORDER

Both the Defendants, Rhode Island Department of Corrections; Walter Duffy; and Lynne Corry, and the Plaintiff Devon Denzel Letourneau have filed Motions for Summary Judgment. (ECF Nos. 71, 73 respectively). This case arises from enforcement of a settlement agreement in *Letourneau v. Aul et al.*, 14-cv-421-JJM-PAS and *Vangel v. Aul et al.*, 15-cv-043-JJM-PAS; *see* ECF Nos. 80-1 at 7 and 106-2. The Magistrate Judge summarized the claims as follows:

> Plaintiff Devon Letourneau, a/k/a Shabazz Be Allah, is a prisoner in the custody of the Rhode Island Department of Corrections ("RIDOC") and a practitioner of the "culture and way of life" called the Nation of Gods and Earths ("NOGE"), also referred to as "Five Percenters." Following litigation initiated in 2014 by Plaintiff and another inmate, RIDOC entered into a settlement agreement whereby it recognized NOGE as a "religion," as that term is used in the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. *Letourneau I*, 2023 WL 4156827, at *1; *see Vangel v. Aul*, C.A. No. 15-43L, 2015 WL 5714850, at *6 (D.R.I. June 19, 2015) (pleading plausibly alleges that NOGE constitutes religion within meaning of First Amendment and RLUIPA), *adopted*, 2015 WL 5714855 (D.R.I. Sept. 29, 2015).

ECF No. 41 (footnotes omitted).

After many motions and orders, the claims remaining[1] in this case are:

1. Request for injunction and declaratory relief.

2. Damage claims against the individual Defendants Walter Duffy and Lynne Corry.

3. State-law breach-of-contract claim.

## I.   STANDARD OF REVIEW

A motion for summary judgment requires the moving party to show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In ruling on a motion for summary judgment, the Court must review the entire record and consider the facts and inferences in the light most favorable to the nonmoving party. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir. 1993). "Where the parties cross-move for summary judgment, the court must examine each motion separately, drawing inferences against each movant in turn."

---

[1] *See, e.g.*, "[T]he Court DENIES the Motion to Dismiss Plaintiff's § 1983 claim based on the Free Exercise and Equal Protection Clauses against RIDOC for injunctive and declaratory relief and against Defendants Corry and Duffy individually for money damages. Arising from the same facts, the Court DENIES the Motion to Dismiss Plaintiff's state law breach-of-contract claim against RIDOC. As to all other claims and all other Defendants, the Court GRANTS the Motion to Dismiss." Text Order (Apr. 23, 2025).

*Vazquez-Velazquez v. Puerto Rico Highways & Transp. Auth.*, 73 F.4th 44, 51 (1st Cir. 2023) (cleaned up).

## II. DISCUSSION

### A. Injunction and Declaratory Relief

The undisputed record shows that it is now the practice of the staff at the ACI to post notice to all inmates of upcoming NOGE Honor Days and inform the inmates that they can request a Kosher tray during Honor Days. *See* ECF No. 72, Ex. L (Affidavit of Associate Director of Food Services Fred Specht); and Ex. M (NOGE Honor Day notice). As a result, the § 1983 claim for injunctive and declaratory relief is moot because it does not pertain to an active controversy. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 110-11 (1983) (holding that the threat of harm must be immediate and real, not purely speculative); *D.H.L. Assocs., Inc. v. O'Gorman*, 199 F.3d 50, 54 (1st Cir. 1999) ("Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.").

Indeed, the First Circuit has instructed that "[f]or declaratory relief to withstand a mootness challenge, the facts alleged must 'show that there is a substantial controversy ... *of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.*'" *A.C.L.U. of Massachusetts v. U.S. Conf. of Cath. Bishops*, 705 F.3d 44, 53-54 (1st Cir. 2013); (quoting *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975)) (emphasis in original). Here, it is undisputed that RIDOC staff is posting notices of upcoming Honor Days, and Mr. Letourneau presents no evidence that RIDOC will stop making such postings or that there is a substantial controversy of

3

sufficient immediacy or reality at issue. *See A.C.L.U. of Massachusetts*, 705 F.3d at 53-54. So, the injunctive and declaratory relief Mr. Letourneau seeks is unavailable.

### B. Damages Claims Against the Individual Defendants.

In addition to seeking injunctive and declaratory relief against RIDOC for his § 1983 claim, Mr. Letourneau also seeks monetary damages against Warden Corry and Captain Duffy in their individual capacities. That said, monetary damages are unavailable to Mr. Letourneau for a variety of reasons.

First, there is no evidence presented of quantifiable damages to Mr. Letourneau that resulted from any alleged violation of their rights by these two Defendants. RIDOC officials sent direct notice of DOGE Honor Days directly to Mr. Letourneau. There is no evidence of any damage to Mr. Letourneau resulting from any illegal action or inaction by these Defendants. To the extent one can read Mr. Letourneau's Amended Complaint as alleging any other conduct that purportedly violated his constitutional rights, he does not attribute any of that conduct to Warden Corry or Captain Duffy. *See* ECF No. 32.

Second, Mr. Letourneau fails to set forth any evidence of how Warden Corry and Captain Duffy personally violated his constitutional rights. The only allegations he makes against Warden Corry and Captain Duffy are that they sent him letters regarding upcoming NOGE Honor Days and informing him about his ability to request Kosher trays for such dates. *See* ECF No. 32 at 11-12.

Lastly, even if this Court were to find that Warden Corry or Captain Duffy somehow violated Mr. Letourneau's constitutional rights by sending him letters about Honor Days, monetary damages are unavailable to Mr. Letourneau because the law affords Warden Corry and Captain Duffy qualified immunity. *See Anderson v. Creighton*, 483 U.S. 635, 638-40 (1987). To overcome qualified immunity, a court must apply a two-part test: "(1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right; and (2) if so, whether the right was 'clearly established' at the time of the defendant's alleged violation." *Maldonado v. Fontanes*, 568 F.3d 263, 269 (1st Cir. 2009) (citing *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009)); *see Anderson*, 483 U.S. at 640.

As just discussed, Mr. Letourneau fails to overcome the first prong of this test as he failed to plead any factual allegations against Warden Corry or Captain Duffy that are enough to make out a violation of Mr. Letourneau's constitutional rights. Mr. Letourneau similarly fails to overcome the second prong of the qualified immunity test as he fails to demonstrate that Warden Corry or Captain Duffy violated a clearly established right of Mr. Letourneau's. A government official's conduct violates "clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable officer would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (citations and quotations omitted). Mr. Letourneau fails to identify any caselaw that would have placed Warden Corry and Captain Duffy on notice that

5

it violated a clearly established constitutional right to send an inmate a letter about special religious days and dietary accommodations available to him. *See* ECF No. 32.

### C. State-law Claims.

Finally, Mr. Letourneau asserts a breach-of-contract claim. This claim fails for the same reasons stated above. To state a claim for breach of contract, a plaintiff must allege that (1) a contract existed, (2) the defendant breached that contract, (3) the plaintiff sustained damages, and (4) the defendant's breach caused the plaintiff's damages. *See Fogarty v. Palumbo*, 163 A.3d 526, 541 (R.I. 2017). "[M]ere recitation of an essential element, sans factual allegations, misses the boat." *R.I. Recycled Metals, LLC v. Conway Marine Constr., Inc.*, No. 16–cv–607–M–PAS, 2017 WL 1831089, at *1 (D.R.I. May 4, 2017) (McConnell, J.) (internal citations omitted). Damages are an essential element of a claim for breach of contract. Here, Mr. Letourneau has set forth no evidence of any damages he suffered because of the individual Defendants' actions or inactions.

## III. CONCLUSION

The Court GRANTS the Defendants' Motion for Summary Judgment (ECF No. 71); and DENIES Mr. Letourneau's Motion for Summary Judgment (ECF No. 73). Judgment shall enter for all Defendants on all claims.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
John J. McConnell, Jr.
Chief Judge
United States District Court


December 9, 2025